**Mark HACKETT, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

No. 255,2005.

Supreme Court of Delaware.

Submitted: Nov. 10, 2005.
Decided: Dec. 14, 2005.

Ralph D. Wilkinson, IV, Assistant Public Defender, Wilmington, DE, for appellant.

Aimee M. Czachorowski, Department of Justice, Wilmington, DE, for appellee.

Before HOLLAND, BERGER and RIDGELY, Justices.

HOLLAND, Justice:

The defendant-appellant, Mark Hackett, was charged with the following three criminal offenses: Count I: Maintaining a Vehicle for Keeping Controlled Substances, in violation of title 16, section 4755(a)(5) of the Delaware Code; Count II: Possession of a Narcotic Schedule II Controlled Substance, in violation of title 16, section 4753 of the Delaware Code; and Count III: Possession of Drug Paraphernalia, in violation of title 16, section 4771 of the Delaware Code.

Count I was dismissed at trial before the jury began its deliberations. The jury was unable to reach a verdict as to Count II, and the State entered a *nolle prosequi* after trial. Hackett was convicted of Pos-

session of Drug Paraphernalia. He was sentenced immediately to one year of incarceration at Level V, suspended for one year at Level II supervision, and fined in the amount of $750.

Hackett has raised one issue in this direct appeal. According to Hackett, the trial judge erroneously denied his motion for a judgment of acquittal because there was insufficient evidence to convict him for Possession of Drug Paraphernalia. We have concluded that Hackett's motion was properly denied.

### Facts

On July 14, 2004, Detectives Feeney and VanCampen of the Newark Police Department were driving back to the McDonald's restaurant on South College Avenue in Newark. They had just finished a patrol and were returning to the parking lot to drop Detective Feeney off at his car. It was approximately 2:45 in the afternoon. The McDonald's parking lot was relatively empty.

The officers noticed a black Saturn backed into a parking spot in a remote area of the parking lot. Shortly after the detectives saw the car, a green Nissan pulled into the parking lot and parked one spot away from the black Saturn. The driver of the Saturn left his car and entered the Nissan on the passenger side. About a minute later, he left the Nissan and returned to the Saturn, holding something in his hand.

Detective Feeney considered this behavior suspicious. He approached the Saturn on foot. As Detective Feeney approached, Hackett was looking down at something in his lap. When the detective knocked on Hackett's window, he startled Hackett, who dropped the object he was holding.

As Detective Feeney talked to Hackett, he detected an odor of alcohol on Hackett's breath. Hackett admitted having had several alcoholic drinks before coming to the McDonald's restaurant. Detective Feeney then called for another officer to perform field sobriety tests to determine if Hackett was impaired.

After Hackett stepped out of the car, Detective Feeney saw a clear glassine bag with white chalky residue lying on the floor of the driver's side of the car. Based on his training and experience with drug cases, Detective Feeney recognized this bag as a type commonly used to package cocaine. He visually identified the white substance as cocaine residue. Another glassine bag, this one black, was later found outside the Saturn where Hackett had been standing after exiting the car. That black glassine bag was tested by the Medical Examiner and found to contain .10 grams of cocaine.

### Drug Paraphernalia Conviction

Hackett was charged with possession of cocaine based on his possession of a black glassine bag that was found to contain .10 grams of cocaine. He was also charged with possessing drug paraphernalia on the basis of the clear glassine bag with a chalky white reside that was found in his car. The clear glassine bag was not tested by the Medical Examiner.

At Hackett's trial, Detective Feeney described his experience and training in drug identification and in handling drug cases. He testified that the clear glassine bag recovered from the inside of Hackett's car was of the type commonly used to repackage cocaine for sale. He also testified that he visually recognized the white residue on the bag as cocaine residue.

### Standard of Review

After the jury's finding of guilt for Possession of Drug Paraphernalia, Hackett moved for a judgment of acquittal arguing

that the evidence presented at trial was insufficient to support a guilty verdict. However, Detective Feeney's testimony regarding the clear glassine bag was received at trial without objection by Hackett. It was only after the jury had returned its verdict, in a post-trial motion for judgment of acquittal, that Hackett raised the argument that Detective Feeney had not been qualified as an expert witness.

Delaware Rule of Evidence 103 requires a party to raise a contemporaneous objection to evidence presented during trial or risk losing the right to raise that issue on appeal. Failure to make an objection at trial constitutes a waiver of the defendant's right to raise that issue on appeal unless the error is plain.[1] Under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process.[2] We have concluded that Hackett has not sustained his burden of establishing plain error.

### Sufficient Evidence Presented

Detective Feeney described his training in drug identification, surveillance and investigation. The training was received by him at the Delaware State Police Academy, the Drug Enforcement Administration and the McLaughlin and Northeast County Drug Training Center. During his career, Feeney said, he had participated in approximately 100 to 150 drug arrests. Thus, the record reflects that Detective Feeney's qualifications to testify as an expert witness would have been accepted by the trial judge, even if Hackett's attorney had made a contemporaneous objection. Accordingly, any error in not formally recognizing Detective Feeney as an expert witness before he rendered his opinion about the clear glassine bag, was harmless.

In *Hendricks v. State*,[3] this Court held that testimony of a police witness alone was sufficient to prove Possession of Drug Paraphernalia. In *Hendricks*, the paraphernalia, a scale and plastic bags, had been inadvertently destroyed by police before trial. In finding that a missing evidence instruction was not necessary, this Court analyzed the sufficiency of the "alternative evidence" presented at trial.[4] This Court held that the absence of the bags and scale was irrelevant because "there was 'sufficient circumstantial evidence based upon the testimony and observations of the officers to support a conviction on the ... possession of drug paraphernalia charges.'"[5]

Alternatively, Hackett alleges that, because the residue in clear glassine bag was not tested by the Medical Examiner, there was insufficient evidence to find that the clear glassine bag was drug paraphernalia. Section 4771, however, does not require that a controlled substance be found on an object before it is deemed to be drug paraphernalia. A person is guilty of possession of drug paraphernalia if that person is found in possession of an item "used, [or] intended for use ... [in] packaging, repackaging, storing, containing [or] concealing" a controlled substance.[6]

---

1. *Capano v. State,* 781 A.2d 556, 653 (Del. 2001); *Goddard v. State,* 382 A.2d 238 (Del. 1977).

2. *Dutton v. State,* 452 A.2d 127, 146 (Del. 1982).

3. *Hendricks v. State,* 871 A.2d 1118 (Del. 2005).

4. *Id.* at 1125.

5. *Id.* at 1125–26.

6. Del.Code Ann. tit. 16, § 4771(c) (2005).

*Conclusion*

On appeal from the denial of a motion for a judgment of acquittal, this Court makes a *de novo* determination whether, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[7] Detective Feeney's testimony that the clear glassine bag he found in Hackett's car was a type commonly used to package cocaine, and that he recognized the white chalky residue on the bag as cocaine residue, was sufficient evidence for the jury to find Hackett guilty of Possession of Drug Paraphernalia.[8] Therefore, the judgment of the Superior Court is affirmed.

---

**7.** *Gronenthal v. State,* 779 A.2d 876, 879 (Del. 2001).

**8.** *Cf. Hendricks v. State,* 871 A.2d at 1125–26.