Wendell FISHER, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 321, 2007.

Supreme Court of Delaware.

Submitted: Jan. 9, 2008.
Decided: Jan. 23, 2008.

Bernard J. O'Donnell, Esquire, Office of the Public Defender, Wilmington, DE, for appellant.

Kevin M. Carroll, Esquire, Department of Justice, Wilmington, DE, for appellee.

Before HOLLAND, JACOBS and RIDGELY, Justices.

HOLLAND, Justice:

This is defendant-appellant's, Wendell Fisher's, direct appeal from final judgments that were entered by the Superior Court. Fisher was convicted, following a jury trial in the Superior Court, of Maintaining a Dwelling for Keeping a Controlled Substance and Possession of Cocaine, the lesser-included offense of the charge of Possession with Intent to Deliver Cocaine. Fisher's sole argument on appeal is that his conviction and sentence for possession of cocaine should be vacated because it is an included offense of maintaining a dwelling for keeping a controlled substance. We have concluded that Fisher's argument is without merit and affirm.

### Facts

On August 25, 2006, Wilmington Detectives, Chris Cunningham and Hector Cuadrado, had a confidential informant meet them approximately one block from 118 Ruth Street. They searched the confidential informant for drugs and money. The confidential informant ("CI") did not have anything on his or her person. The officers gave the CI "buy money," currency

with serial numbers recorded by the detectives. With the two officers keeping the CI under surveillance, the informant entered 118 Ruth Street at 6:28 p.m. Two minutes later, the CI left the building and returned to the officers with a "white chunky substance" believed to be crack cocaine. No one else had entered or exited the building during that time.

With that information, the officers obtained a search warrant for 118 Ruth Street which they executed at approximately 7:50 p.m. Wendell Fisher was found in the residence. He was sitting in a chair in front of a coffee table that had crack cocaine on it. He had $474 in his pocket, including the $20 marked bill or "buy money." During booking, Fisher mentioned that he was watching the house for a friend who was sick in the hospital. He was indicted on charges of possession with intent to deliver cocaine and maintaining a dwelling for keeping controlled substances.

### Fisher's Contention

■ Fisher argues that his conviction for Possession of Cocaine was an included offense of his conviction for Maintaining a Dwelling for Keeping a Controlled Substance. According to Fisher, "under [the] circumstances, possession of cocaine was a necessary element of the greater offense of keeping a dwelling for keeping that cocaine. If the Defendant did not possess or keep cocaine there, he could not be convicted of keeping a dwelling for keeping or possessing the cocaine." Thus, Fisher argues that plain error resulted in his conviction for possession of cocaine, as a lesser-included offense of possession with intent to deliver cocaine, and maintaining a dwelling for keeping controlled substances.

### Standard of Review

■ Fisher did not present this argument to the Superior Court. Therefore, he acknowledges that the applicable standard of appellate review is plain error. The doctrine of plain error is limited to material defects which are apparent on the face of the record, which are basic, serious, and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice.[1] For a defendant to obtain a reversal based upon the plain error standard of appellate review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process.

### Included Offenses Statute

Delaware's criminal code prohibits a defendant from being convicted of two offenses when one of those offenses is an included offense of the other.[2] Under Title 11, section 206(b)(1), one offense is included in another offense if "[i]t is established by the proof of the same or less than all the facts required to establish the commission of the offense charged."[3] In *Lilly v. State*,[4] this Court recognized that this statute "is not limited exclusively to the standard 'statutory elements' definition"[5] because the other provisions of the statute, 11 *Del. C.* §§ 206(b)(2) and (b)(3), provide gap fillers to account for cases where "there may be some dissimilarity in

---

1. *Wainwright v. State,* 504 A.2d 1096, 1100 (Del.1986).

2. Del.Code Ann. tit. 11, § 206(a)(1).

3. Del.Code Ann. tit. 11, § 206(b)(1).

4. *Lilly v. State,* 649 A.2d 1055 (Del.1994). In *White,* this Court cited *Lilly* for the identical proposition. *White v. State,* 2007 WL 2320068, at *3 (Del. Aug. 15, 2007).

5. *Lilly v. State,* 649 A.2d at 1061.

the elements necessary to prove the offense."[6]

Fisher contends that his convictions for possession of cocaine and maintaining a dwelling fall within section 206(b)(1) because "[t]he facts being so, the Defendant's possession of cocaine was 'established by proof of the same or less than all of the facts required to establish the commission of [maintaining a dwelling . . .].' " Fisher's assertion that possession of cocaine is a lesser offense of maintaining a dwelling for keeping controlled substances is incorrect. This Court recently rejected the same argument, under the same plain error standard of review.[7]

### Offense Not Included

Our decision in *White v. State* is directly on point.[8] White had been convicted of possession of marijuana, possession of drug paraphernalia, and use of a dwelling for keeping controlled substances.[9] White challenged his conviction for possession of marijuana "because it was an included offense of keeping a dwelling for the purpose of using or keeping marijuana."[10] In rejecting *White's* claim, this Court held:

> White's possession conviction was not a lesser included offense of maintaining a dwelling because the two offenses are dissimilar. Possession of marijuana is an offense involving a person who knowingly or intentionally possesses marijuana. The elements of maintaining a dwelling for the purpose of keeping controlled substances include knowingly keeping a dwelling with knowledge that the dwelling is used for keeping controlled substances. Proof of the elements for possession of marijuana does not prove the elements of maintaining a dwelling. Moreover, the two statutes punish two different behaviors. One punishes the possession [sic] the drug, while the other punishes the use of a dwelling for possessing the drug. Possession of marijuana is not a lesser included offense of maintaining a dwelling for the purpose of keeping a controlled substance.[11]

Our holding in *White* controls the outcome in Fisher's appeal. Fisher's possession conviction was not a lesser-included offense of maintaining a dwelling because each of those offenses requires proof of a fact which the other does not.[12] To be guilty under Section 4754(a), the person has to possess a controlled substance. In order to be guilty of possession, a person does not have to be maintaining a dwelling. In order to be guilty of maintaining a dwelling, the person does not have to possess drugs. Accordingly, we hold that possession of cocaine is not an included offense of maintaining a dwelling for keeping controlled substances.[13]

---

**6.** *Id.* (quoting Delaware Criminal Code with Commentary § 206, at 15 (1973)) (emphasis omitted).

**7.** *See White v. State*, 2007 WL 2320068 (Del. Aug. 15, 2007).

**8.** *White v. State*, 2007 WL 2320068 (Del. Aug. 15, 2007).

**9.** *See White v. State*, 2007 WL 2320068, at *1.

**10.** *White v. State*, 2007 WL 2320068, at *6.

**11.** *White v. State*, 2007 WL 2320068, at *7–8 (footnotes omitted). Accord *Weston v. State*, 2004 WL 1551341, at *2 (Del. July 2, 2004) holding that Title 16, section 4753 (possession of cocaine) and Title 16, section 4755 (maintaining a dwelling used for keeping controlled substances) are "two different statutes, for different crimes with different elements." (citations omitted).

**12.** *See Weston v. State*, 2004 WL 1551341, at *2 (Del. July 2, 2004). *See also White v. State*, 2007 WL 2320068.

**13.** *White v. State*, 2007 WL 2320068 (Del. Supr.). Del.Code Ann. tit. 11, § 206(a)(1).

## Conclusion

The judgments of the Superior Court are affirmed.