CALVIN ALLEN, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 542, 2008.
Supreme Court of Delaware.
Submitted: April 28, 2009.
Decided: June 15, 2009.
Before HOLLAND, BERGER and JACOBS, Justices.

ORDER
CAROLYN BERGER, Justice.
This 15th day of June 2009, upon consideration of the appellant's brief filed pursuant to Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:
(1) The defendant-appellant, Calvin Allen, was found guilty by a Superior Court jury of three counts of Delivery of Cocaine. On the first count, he was sentenced to 12 years at Level V, to be suspended after 4 years for 18 months at Level III probation. On the second count, he was sentenced to 10 years at Level V, to be suspended after 4 years for 2 years at Level III probation. On the third count, he was sentenced to 10 years at Level V, to be suspended after 3 years for 6 months at Level IV VOP Center, and, upon successful completion, 1 year at Level IV Work Release, to be followed by 18 months at Level III probation. This is Allen's direct appeal.
(2) Allen's counsel has filed a brief and a motion to withdraw pursuant to Rule 26(c). The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal; and (b) the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]
(3) Allen's counsel asserts that, based upon a careful and complete examination of the record, there are no arguably appealable issues. By letter, Allen's counsel informed Allen of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw, the accompanying brief and the complete trial transcript. Allen also was informed of his right to supplement his attorney's presentation. Allen responded with a brief that raises five issues for this Court's consideration. The State has responded to the position taken by Allen's counsel as the issues raised by Allen and has moved to affirm the Superior Court's judgment.
(4) Allen raises five issues for this Court's consideration. He claims that his constitutional rights were violated because a) the Justice of the Peace Court did not have a sufficient basis to issue a search warrant; b) the indictment was improperly amended; c) his arraignment was improperly waived; d) the prosecution improperly failed to disclose evidence favorable to him at trial; and e) the Superior Court admitted an impermissibly suggestive identification into evidence. Because there were no objections made in the Superior Court with respect to any of these claims, we review them for plain error in this appeal.[2]
(5) The evidence adduced at trial was as follows. On November 20 and 28, 2007, and on February 5, 2008, John Bruzdowski, a crack cocaine addict and undercover police informant, conducted controlled cocaine buys from an individual named "Hos" at 20611 Coverdale Road in Bridgeville, Delaware. On each occasion, Detective Lance Skinner of the Delaware State Police, who also was working under cover, drove Bruzdowski to the Coverdale Road location to complete the transaction. Prior to each of the three purchases, Detective Skinner searched Bruzdowski for drugs and money and then provided him with the necessary cash for the purchase  $40, $30, and $40. After each purchase, Bruzdowski returned to Detective Skinner's vehicle and turned over the crack cocaine. Detective Skinner did not witness any of the drug transactions. Bruzdowski testified that he purchased the crack cocaine from "Hos" on all three occasions and identified "Hos" as the defendant.
(6) Allen's first claim is that the Justice of the Peace Court did not have a sufficient basis to issue a search warrant, thereby violating his constitutional rights. The record reflects that, while a search warrant issued from the Justice of the Peace Court, no evidence obtained as a result of that warrant was ever introduced at trial. In the absence of any impact on Allen's rights or the trial's outcome, we conclude that there was no plain error with respect to Allen's first claim.
(7) Allen's second claim is that the indictment was improperly amended, thereby violating his constitutional rights. The record reflects that Allen's initial indictment, dated February 11, 2008, charged him with three counts of Delivery of Cocaine, the same charges on which he was tried. The record further reflects that a second indictment, dated February 25, 2008, was issued, which charged Allen with the same three counts of Delivery of Cocaine, but which also included charges against two other individuals. The record, finally, reflects that a third indictment, dated August 13, 2008, was issued, which again charged Allen with the same three counts, but which omitted the charges against the other two individuals.
(8) The purpose of an indictment is to put the accused on full notice of what he is to defend and to preclude subsequent prosecution for the same offense.[3] The Superior Court has the authority to amend an indictment at any time prior to the verdict as long as no new or additional charge is made and there is no prejudice to the accused's substantial rights.[4] Because the second and third indictments contained charges against Allen identical to the first indictment, we conclude that there was no prejudice to Allen's substantial rights and no error, plain or otherwise, with respect to this claim.[5]
(9) Allen's third claim is that his arraignment was improperly waived, thereby violating his constitutional rights. Contrary to Allen's claim, however, the record reflects that Allen was arraigned on March 6, 2008, and that only the reading of the indictment was waived. Allen also appears to argue that he was denied the opportunity to challenge whether the State had probable cause to proceed against him because he was not represented by counsel at the time of the arraignment. The record does not support Allen's claim. While Allen was not represented by counsel at the time of his arraignment, the record reflects that he entered a plea of not guilty and requested a jury trial. The record further reflects that, shortly after his arraignment, Allen had obtained counsel and was represented throughout the remainder of the pre-trial and trial proceedings. Under these circumstances, we conclude that there was no effect on Allen's substantial rights and no plain error with respect to this claim.
(10) Allen's fourth claim is that the prosecution improperly failed to disclose evidence favorable to him at trial, thereby violating his constitutional rights. The record in this case does not reflect any discovery violation by the State.[6] Allen appears to argue specifically that the State improperly failed to disclose the money given to Bruzdowski to participate in the controlled buys. The trial transcript, however, reflects that Bruzdowski testified that he had been given money for gas and expenses.[7] As such, we conclude that there is no factual basis for and, therefore, no plain error with respect to Allen's fourth claim.
(11) Allen's fifth, and final, claim is that the Superior Court admitted an impermissibly suggestive identification into evidence at trial. The trial transcript reflects that Detective Skinner testified that Bruzdowski told him about an individual named "Hos" who was selling drugs on Coverdale Road in Bridgeville, Delaware. The trial transcript further reflects that Detective Skinner knew that Allen's nickname was "Hos" and showed Bruzdowski a photograph of Allen simply to confirm that they were talking about the same individual prior to initiating their undercover operation. Under these circumstances, we conclude that there was no prejudice to Allen's substantial rights by the Superior Court's admission of Allen's photograph into evidence and no plain error with respect to this claim.
(12) This Court has reviewed the record carefully and has concluded that Allen's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Allen's counsel has made a conscientious effort to examine the record and the law and has properly determined that Allen could not raise a meritorious claim in this appeal.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.
NOTES
[1] Penson v. Ohio, 488 U.S. 75, 83 (1988); McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988); Anders v. California, 386 U.S. 738, 744 (1967).
[2] Hackett v. State, 888 A.2d 1143, 1145 (Del. 2005) (failure to make an objection at trial constitutes a waiver of the defendant's right to raise the issue on appeal unless the error is plain). For an error to be plain, the error must affect the defendant's substantial rights and the trial's outcome. Keyser v. State, 893 A.2d 956, 959 (Del. 2006).
[3] Malloy v. State, 462 A.2d 1088, 1092 (Del. 1983).
[4] Super. Ct. Crim. R. 7(e); O'Neil v. State, 691 A.2d 50, 55 (Del. 1997).
[5] To the extent that Allen reasserts his counsel's argument that the three charges were improperly joined in the same indictment, we conclude that any such claim is without merit. Because the three drug buys were arranged in a similar manner, were made at the same place, involved the same parties, and involved similar quantities, they were properly included within the same indictment and properly tried together. Wood v. State, 956 A.2d 1228, 1230-32 (Del. 2008).
[6] Super. Ct. Crim. R. 16(a) (1).
[7] See Weber v. State, 457 A.2d 674 (1983) (failure to disclose cash payments from victim's family for new clothes).