IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANTHONY L. GILMORE, | § | |
| | § | No. 35, 2016 |
| Defendant Below-Appellant, | § | |
| | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1004009853 |
| Plaintiff Below-Appellee. | § | |
| | § | |

Submitted: January 27, 2016
Decided: March 10, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

## <u>ORDER</u>

This 10th day of March 2016, upon consideration of the appellant's opening brief, the State's motion to affirm, the appellant's reply to the motion, and the record on appeal, it appears to the Court that:

(1) The appellant, Anthony Gilmore, filed this appeal from the Superior Court's denial of his first motion for postconviction relief. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Gilmore's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that Gilmore pled guilty on September 1, 2010 to one count each of Driving Under the Influence (7th offense), Possession with

Intent to Deliver Cocaine, and Possession with Intent to Deliver Marijuana. The Superior Court immediately sentenced Gilmore as follows: (i) DUI – ten years at Level V incarceration without benefit of reduction or early release under 11 *Del. C.* § 4204(k) and successful completion of the Key Program; (ii) PWID Cocaine – fifteen years at Level V incarceration to be suspended entirely for six months at Level IV Home Confinement and eighteen months at Level III probation; and (iii) PWID Marijuana – five years at Level V incarceration to be suspended entirely for one year at Level III probation to be served concurrently. Gilmore did not file a direct appeal.

(3) On October 19, 2015, five years after his convictions became final, Gilmore filed his first motion for postconviction relief. Although Gilmore's motion summarily asserted that his guilty plea was not voluntary due to the ineffectiveness of his trial counsel, Gilmore's brief in support of his motion only challenged the legality of his sentences. Gilmore's brief argued that his drug sentences violated double jeopardy principles and that his DUI sentence violated *ex post facto* principles. The Superior Court summarily denied Gilmore's motion as untimely and thus procedurally barred by Superior Court Criminal Rule 61(i)(1).[1] This appeal followed.

---

[1] Rule 61(i)(1) requires a motion for postconviction relief to be filed within one year after a conviction becomes final or within one year after a retroactive right has been newly recognized by the Delaware Supreme Court or United States Supreme Court.

2

(4) In his opening brief on appeal, Gilmore reiterates his argument that double jeopardy principles prohibit separate sentences for PWID Cocaine and PWID Marijuana. He also argues that his DUI sentence violates *ex post facto* principles because the applicable statute, 21 *Del. C.* 4177, did not permit an enhanced sentence for habitual DUI offenders at the time of his crime in 2010. The State has moved to affirm the Superior Court's judgment, asserting that Gilmore's arguments lack merit.

(5) After careful consideration of the parties' respective arguments on appeal, we find it clear that the Superior Court's denial of Gilmore's motion for postconviction relief must be affirmed. First, we note that Gilmore's arguments relate solely to the legality of his sentences and do not challenge the legality of his convictions. His sentencing claims are not cognizable under Rule 61.[2] Even if Rule 61 did apply, however, it is clear that his motion was untimely under Rule 61(i)(1) and that Gilmore failed to overcome this procedural bar under Rule 61(i)(5) by pleading a claim that the Superior Court lacked jurisdiction or a claim that he was actually innocent or that a new, retroactive rule of constitutional law rendered his convictions invalid.[3]

---

[2] *Wilson v. State*, 2006 WL 1291369, *2 (Del. May 9, 2006) (noting that Rule 61(a)(1) allows a defendant to seek to "set aside the judgment of conviction or a sentence of death" and holding that defendant's sentencing claims were not cognizable under Rule 61).

[3] *See Turnage v. State*, 2015 WL 6746644 (Del. Nov. 4, 2015) (holding in part that the defendant's Rule 61 motion, which was filed after the rule was amended on June 4, 2014, was

3

(6)     Moreover, as the State points out, even if the Superior Court had reached the merits of Gilmore's arguments, the motion was properly denied.  As to Gilmore's double jeopardy claim, PWID Cocaine and PWID Marijuana are two distinct offenses because each requires proof of a fact that the other does not.[4]  Separate punishments for each offense are proper.[5]  As to his *ex post facto* claim, Gilmore is incorrect in his assertion that the DUI statute as it existed in 2010 did not permit an enhanced sentence for his seventh DUI conviction.  The applicable statute, 21 *Del. C.* § 4177(d)(7), was adopted July 13, 2009 and required the imposition of a sentence of "not less 10 years nor greater than 15 years" for a seventh DUI conviction.[6]  His DUI sentence, imposed in 2010, is legal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

untimely under Rule 61(i)(1) and that she had failed to overcome the procedural bar by pleading a claim under Rule 61(i)(5)).

[4] *See Nance v. State*, 903 A.2d 283, 286-87 (Del. 2006) (affirming separate convictions for PWID Cocaine and PWID Marijuana as well as separate convictions for weapon offenses associated with each drug charge).

[5] *Fisher v. State*, 953 A.2d 258, 260 (Del. 2008).

[6] 77 Del. Laws c. 162, sec. 4.