IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT G. MUNDELL, | § | |
| | § | No. 648, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1308026413 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 4, 2016
Decided: May 6, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

## ORDER

This 6th day of May, 2016, it appears to the Court that:

(1) In August 2013, 17 year old high school student Gregory Johnson was knocked out at a bonfire party in Kenton, Delaware, and had his new iPhone stolen. A week later, on August 31, 2013, Johnson's mother Barbara Thomas and several associates, including the defendant, Robert Mundell, arranged to meet the individuals they believed had stolen Johnson's phone in the parking lot of the SNAP Fitness in Smyrna. Upon arriving, a violent melee ensued between Mundell's group and several young men who had been in the parking lot or arrived as the fighting started. During the fight, Mundell was beaten. He recovered,

though, and struck a young man, Ameer Watson, in the face with a golf club that Thomas brought to the fight.

(2)     For his participation in the incident, the Superior Court convicted Mundell of riot, misdemeanor assault, and disorderly conduct.  The court sentenced Mundell to probation, imposed a fine, and ordered that he perform 100 hours of community service.  Mundell appeals his conviction for riot only.

(3)     There is one issue raised in this appeal.  Mundell argues that there was insufficient evidence from which the jury could have rationally found him guilty of riot.[1]  A person is guilty of the crime of riot when two elements are present.  First, the person must participate in disorderly conduct with at least two others.  Second, the person must participate in the conduct (a) with the intent to commit or facilitate the commission of a felony or misdemeanor, (b) with the intent to prevent or coerce official action, or (c) when the person or any other participant to the knowledge of the person uses or plans to use a firearm or other deadly weapon.[2]

(4)     In this appeal, Mundell recites the version of the disputed events that he hoped would convince the jury of his innocence at trial.  But there was sufficient evidence of another version of events to support the jury's finding that

---

[1] *Rose v. State*, 51 A.3d 479, 482 (Del. 2012) ("To determine whether a conviction was based upon sufficient evidence, the standard of review is whether the evidence, viewed in the light most favorable to the State, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt.  We review the evidence in the record *de novo*." (internal citations omitted)).
[2] 11 *Del. C.* § 1302.

Mundell was guilty of riot. First, he and at least two others engaged in a course of disorderly conduct. A person is guilty of disorderly conduct when he "intentionally causes public inconvenience, annoyance or alarm to any other person, or creates a risk thereof by . . . engaging in fighting or in violent, tumultuous or threatening behavior."[3] Witnesses testified that they saw Mundell and his fellow participant Frankie (Johnson's cousin) instigating a fight and acting belligerently. There was also testimony that Thomas and Johnson attacked a young man. And Mundell brawled and knocked Watson's teeth out with the golf club. There was thus sufficient evidence for the jury to have concluded beyond a reasonable doubt that the first element was satisfied.

(5) There was also sufficient evidence for the jury to have concluded that Mundell intended to commit a misdemeanor and used a deadly weapon, either of which would make him guilty of riot. Witnesses testified that they saw Mundell swinging a golf club around, and committing a misdemeanor assault by striking Watson in the face. Additionally, they saw Barbara Thomas supplying Mundell with the golf club, which qualified as a "deadly weapon" for purposes of the riot statute.[4] There was thus sufficient evidence for the jury to have rationally

---

[3] 11 *Del. C.* § 1301. The Superior Court also convicted Mundell of disorderly conduct, and he did not appeal that conviction.

[4] A "deadly weapon" can be any dangerous instrument "which is used, or attempted to be used, to cause death or serious physical injury." 11 *Del. C.* § 222(5).

concluded that all of the required elements of the crime of riot were proven beyond a reasonable doubt.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice