IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| EDWARD SUCHOMEL, | § | |
| | § | No. 492, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1405026171 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 18, 2016
Decided: May 20, 2016

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 20th day of May, 2016, it appears to the Court that:

(1) On May 30, 2014, Edward Suchomel robbed his neighbor in the neighbor's driveway at his house in Claymont. The neighbor knew Suchomel because Suchomel regularly sold drugs to him. Suchomel was wearing a blue shirt and gray shorts during the incident. After the incident, the neighbor watched Suchomel flee in a silver car, and took note of the vehicle's license plate number. Emily Stuller, Suchomel's girlfriend, owned the car and was the getaway driver. Once they were gone, the neighbor called the police.

(2) The police quickly spotted the silver car and stopped it on the ramp to I-495 from Philadelphia Pike. Stuller was driving and Suchomel was in the front

passenger seat. The police discovered a cigarette packet containing hypodermic needles on the floorboard on the passenger side of the car, just under and in front of where Suchomel was sitting. The police also found Stuller's purse in the vehicle, and it too contained hypodermic syringes. Finally, the police saw the blue shirt and gray shorts that Suchomel had been wearing during the robbery in the back seat of the car. Later that day, as the police were transporting him to the hospital because he was not feeling well, Suchomel admitted that he had "injected a whole bundle of heroin" earlier that day.[1]

(3) On September 2, 2014, the State indicted Suchomel for second degree robbery, second degree burglary, terroristic threatening, and possession of drug paraphernalia. The Superior Court held a trial from March 10 to 13, 2015. At the close of the evidence, Suchomel moved to dismiss the charges on the ground that the State presented insufficient evidence to convict him of any of the crimes charged. The court denied the motion on the ground that if the jury believed the testimony of the various police officers who testified, it would establish beyond a reasonable doubt that Suchomel was guilty of possession of drug paraphernalia. The jury then found Suchomel guilty of possession of drug paraphernalia for the hypodermic syringes, not guilty of burglary or terroristic threatening, and was hung

---

[1] App. to Opening Br. at 21.

on the robbery charge. The Superior Court sentenced Suchomel to six months incarceration with credit for 202 days previously served.

(4) There is one issue on appeal. Suchomel argues that there was insufficient evidence presented to convict him of possession of drug paraphernalia. "To determine whether a conviction was based upon sufficient evidence, the standard of review is whether the evidence, viewed in the light most favorable to the State, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. We review the evidence in the record *de novo*."[2]

(5) The jury convicted Suchomel of possession of drug paraphernalia.[3] "A person is guilty of possession of drug paraphernalia if that person is found in possession of an item 'used, [or] intended for use . . . [in] packaging, repackaging, storing, containing [or] concealing' a controlled substance."[4] Possession is established when a person has (1) knowledge of the paraphernalia's location, (2) the ability to exercise control over the paraphernalia, and (3) the intent to possess or otherwise control it.[5] Proximity to contraband alone is insufficient to prove

---

[2] *Rose v. State*, 51 A.3d 479, 482 (Del. 2012) (internal citations omitted).
[3] 16 *Del. C.* § 4771(a). It is not disputed that the hypodermic syringes were drug paraphernalia.
[4] *Hackett v. State*, 888 A.2d 1143, 1145 (Del. 2005) (quoting 16 *Del. C.* § 4771(c)).
[5] *See Lecates v. State*, 987 A.2d 413, 426 (Del. 2009).

possession, and the requisite elements of possession may be proved with circumstantial evidence.[6]

(6)  Here, there was sufficient evidence for the jury to have rationally concluded that Suchomel possessed the drug paraphernalia.  The hypodermic syringes were found in plain view on the floorboard of the car just below where Suchomel had been sitting.  Thus, it is reasonable to infer that he knew they were there and could have exercised control over them.  The circumstances also support the inference that Suchomel intended to possess or otherwise control the syringes.  Suchomel was a heroin user, and hypodermic syringes are commonly used to inject heroin.  Suchomel admitted to having used heroin earlier that very day.

(7)  The police also found syringes in Stuller's purse.  This fact could tend to show that she was a person who kept syringes, and that the ones in the cigarette packet were more of hers.  But it would not have been irrational for the jury to have concluded that because her needles were in her purse, the ones next to Suchomel were his.  Finally, Suchomel's clothing was in the back seat of the car, which demonstrates that at least some of the items in the car belonged to him.  It thus supports the inference that the hypodermic syringes on the floorboard in front of Suchomel were among the items belonging to him.  Taken together, the Superior

---

[6] *Id.*

Court correctly concluded that the evidence in the record was sufficient for a rational jury to have concluded that Suchomel possessed the drug paraphernalia.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice