IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARK GRAYSON, | § | |
| | § | No. 470, 2017 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID Nos. 1509003378A (N) |
| STATE OF DELAWARE, | § | 1509003378B |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 15, 2019
Decided: May 10, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

Upon careful consideration of the parties' briefs and the record below, it appears to the Court that:

(1) On October 26, 2015, a Superior Court grand jury indicted the appellant, Mark Grayson, for first degree reckless endangering, possession of a firearm during the commission of a felony ("PFDCF"), resisting arrest, possession of a firearm by a person prohibited ("PFBPP"), and possession of firearm ammunition by a person prohibited ("PFABPP"). At Grayson's request, the Superior Court severed the PFBPP and PFABPP charges from the remaining counts. Following two separate jury trials—the first on the first degree reckless endangering, resisting arrest, and PFDCF charges and the

second on the person prohibited charges—Grayson was found guilty of first degree reckless endangering, PFDCF, resisting arrest, and PFBPP. On October 27, 2017, the Superior Court granted the State's motion to declare Grayson a habitual offender and sentenced Grayson to an aggregate 46 years of incarceration, suspended after 45 years for one year of probation. This is Grayson's direct appeal.

(2) The trial transcript reflects that, on September 4, 2015, Wilmington Police Officer Jesse Russell was working a security detail, patrolling the parking lot of the Adams Four Shopping Center, when he heard gunshots. Officer Russell observed Grayson handling what appeared to him—based on the way Grayson held and manipulated it—to be a firearm. Officer Russell witnessed plumes of smoke emanating from the presumed firearm as Grayson continued to shoot in the area of the shopping center. Officer Russell approached Grayson, made eye contact with him, and ordered him to stop. Grayson fled, but Officer Russell apprehended Grayson after chasing him for roughly a block's distance. When Grayson was taken into custody, he did not have a weapon on him. However, six spent shell casings were located in the area where Officer Russell observed Grayson seemingly operating a firearm. In addition, Grayson's hands tested positive for the presence of gunshot residue.

(3)     Grayson raises several issues on appeal.  We need address only two of them.  First, Grayson argues the Superior Court erred when it declined Grayson's request for a jury instruction on the lesser included offense of second degree reckless endangering.  A conviction for first degree reckless endangering requires that the jury find the defendant's actions created a "substantial risk of death to another person"[1] whereas a conviction for second degree reckless endangering requires only that the jury find the defendant's actions created a "substantial risk of physical injury to another person."[2]  The record reflects the Superior Court denied Grayson's request for a jury instruction on the lesser included offense of second degree reckless endangering because it determined the alleged use of a firearm precluded the instruction.  That is, the Superior Court accepted the State's position that the firing of a gun is always capable of causing death.  However, after the conclusion of Grayson's trials, this Court considered a similar factual scenario in *White v. State*.[3]  In *White*, we reversed the defendant's conviction because the Superior Court failed to instruct the jury on second degree reckless endangering.  In so doing, we concluded it was possible for a reasonable jury to have found the defendant guilty of second degree reckless endangering

---

[1] 11 *Del. C.* § 604.
[2] 11 *Del. C.* § 603(a).
[3] 173 A.3d 78 (Del. 2017).

3

because there was evidence that the defendant "was not pointing his gun at anyone in particular and was instead aiming blindly behind himself."[4] With commendable candor, the State agrees the facts here support Grayson's argument that the jury should have been instructed on the lesser included offense of second degree reckless endangering. The State suggests the Court remand this case to the Superior Court with directions that Grayson's conviction in both cases be vacated and that the matter be scheduled for a new trial.[5]

(4) The Court acknowledges that the State's confession of error "is in accordance with the highest traditions of the Delaware Bar and the prosecutor's unique role and duty to seek justice within an adversary system."[6] Notwithstanding this confession of error, we must make an independent determination that the Superior Court committed a reversible error in denying Grayson's request for a jury instruction on second degree reckless endangering.[7]

---

[4] *Id*. at 80.

[5] Here, because the first jury found Grayson guilty of the PFDCF charge, the Superior Court instructed the second jury that, as a matter of fact, Grayson possessed a firearm on September 4, 2015. If, on retrial, Grayson is found not guilty of first degree reckless endangering, the jury would not reach the PFDCF charge and the State would be required to prove each element of the PFBPP charge beyond a reasonable doubt. Thus, both convictions must be vacated to correct the error.

[6] *Weddington v. State*, 545 A.2d 607, 616 (Del. 1988).

[7] *Id*. at 612 ("A confession of error does not *require* the reversal of the judgment of conviction in the trial court.").

4

(5)     After careful consideration, we agree that the Superior Court's failure to instruct the jury on second degree reckless endangering constitutes reversible error.  In reaching this conclusion, we note that although Officer Russell testified that there were people in and around the shopping center, he did not say that Grayson fired his weapon in the direction of anyone.  We concur that the State's requested relief is appropriate under the circumstances.

(6)     Although remand is appropriate and analysis of Grayson's other arguments is premature, we will consider Grayson's contention that the Superior Court erred in denying his motion for judgment of acquittal based on sufficiency of the evidence.  We do so in the interest of justice because, as Grayson correctly notes, if we find the evidence insufficient to uphold his conviction for first degree reckless endangering, the State cannot retry him for the underlying conduct under the Double Jeopardy Clause of the United States Constitution and we would remand the case for an entry of judgment of acquittal.[8]

(7)     "A person is guilty of reckless endangering in the first degree when the person recklessly engages in conduct which creates a substantial risk of death to another person."[9]  "A person acts recklessly . . . when the person

---

[8] *Monroe v. State*, 652 A.2d 560, 567-68 (Del. 1995).
[9] 11 *Del. C.* § 604.

5

is aware of and consciously disregards a substantial and justifiable risk that [death] . . . will result from the conduct."[10] The risk must be great enough that disregarding it "constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation."[11]

(8) We review claims of insufficient evidence to determine whether, considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.[12] We review the evidence in the record *de novo*.[13] "The fact that most of the State's evidence [is] circumstantial is irrelevant; 'the Court does not distinguish between direct and circumstantial evidence.'"[14] Here, the record reflects that Officer Russell heard gunshots, saw plumes of smoke emanating from Grayson's hands, made eye contact with Grayson, and chased and apprehended Grayson. Although no weapon was recovered, the police located spent shell casings at the scene and recovered gunshot residue from Grayson's hands. Under the circumstances, a rational juror could conclude Grayson was aware he was shooting in a way that created a substantial and unjustifiable risk that one of the shots could kill

---

[10] 11 *Del. C.* § 231(e).
[11] *Id.*
[12] *Rose v. State*, 51 A.3d 479, 482 (Del. 2012).
[13] *Id.*
[14] *Robertson v. State*, 596 A.2d 1345, 1355 (Del. 1991) (citing *Shipley v. State*, 570 A.2d 1159, 1170 (Del. 1990)).

someone.  We find no merit to Grayson's argument that the Superior Court erred in denying his motion of judgment of acquittal based on the sufficiency of the evidence.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is REVERSED.  This matter is REMANDED to the Superior Court to vacate Grayson's convictions, to reinstate bail, and to set a new trial date.  Jurisdiction is not retained.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice