IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BYRON MAYHAN, | § | |
| | § | No. 488, 2024 |
| Defendant Below, Appellant, | § | |
| | § | Court Below–the Superior |
| v. | § | Court of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 2006003474A/B(N) |
| | § | |
| Appellee. | § | |

Submitted: November 12, 2025
Decided: January 20, 2026

Before **SEITZ**, Chief Justice; **TRAYNOR** and **GRIFFITHS**, Justices.

## ORDER

After careful consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    Appellant Byron Mayhan challenges three of his criminal convictions stemming from allegations that he raped a female victim by forcing her to engage in oral sex at an industrial park. The statutes relating to the rape offenses require that the State prove, among other things, that there was a "physical union" between Mayhan's genitalia with the victim's mouth. Mayhan claims that the State did not present direct evidence in its case-and-chief of the required "physical union." For this reason, Mayhan contends that the Superior Court erred in not acquitting him of the offenses. We disagree and affirm.

(2)  On May 29, 2020, Mayhan encountered S.H. at a park in Wilmington, Delaware. Mayhan held a knife to S.H.'s throat and dragged her to a secluded area within the park ("Location #1") where he vaginally raped her and forced her to perform oral sex.[1] Afterwards, Mayhan forced S.H. to her vehicle and made her drive to an industrial park ("Location #2").[2] Once there, he raped her again. This time, he anally and vaginally raped her, and then ejaculated into her mouth.[3] Mayhan then forced S.H. to drive to another location in Wilmington. Upon arrival, Mayhan got out of the vehicle and ran away.[4] The police subsequently arrested Mayhan on July 9, 2020.[5]

(3)  Mayhan was indicted on March 8, 2021.[6] The indictment charged Mayhan with twenty-three counts: eleven counts of first-degree Rape, one count of first-degree Robbery, one count of first-degree Kidnapping, one count of Terrorist Threatening, one count of Unlawful Use of a Payment Card, as well as eight counts of weapon-related offenses.[7]

---

[1] App. to Opening Br. at A175–90 (Trial Tr. 148:10–163:16) [hereinafter A_].

[2] A204–15 (Trial Tr. 177:18–188:18).

[3] A221–22 (Trial Tr. 194:14–195:4).

[4] A223 (Trial Tr. 196:8–19).

[5] A1 (Super. Ct. Crim. Dkt. No. 1 [hereinafter "Dkt."]).

[6] A2 (Super. Ct. Crim. Dkt. No. 3).

[7] A16–27 (Indictment by the Grand Jury).

(4) At trial, S.H. testified that Mayhan ejaculated in her mouth at Location #2, recalling that "[h]e made me sit up on my knees and then ejaculated in my mouth."[8] The State did not, however, introduce direct evidence of a "physical union" between Mayhan's genitalia and S.H.'s mouth at Location #2.[9] Mayhan did not move for a directed verdict of acquittal after the State completed its case-in-chief.

(5) Mayhan testified in his own defense.[10] Mayhan admitted to engaging in various sexual acts with S.H. at Locations #1 and #2 but maintained that the sex was consensual.[11] Notably, Mayhan testified that he had oral sex with S.H. at Location #2.[12] The jury convicted Mayhan on all counts submitted to them.[13] Mayhan never moved for a judgment of acquittal notwithstanding the verdict.

(6) On appeal, Mayhan challenges only three of his convictions, which all stem from the non-consensual oral sex at Location #2—two counts of first-degree Rape, and one count of Possession of a Deadly Weapon during the Commission of a Felony.[14] First, Mayhan contends that because the State did not introduce evidence

---

[8] A221 (Trial Tr. 194:16–17).

[9] *See generally* Trial Tr.; *see also* Opening Br. (dated June 20, 20205) at 6–7.

[10] A591(Trial Tr. 160:2–9).

[11] A683–64, A687–88 (Trial Tr. 252:18–253:17, 256:22–257:13).

[12] A684 (Trial Tr. 253:14–15).

[13] A10 (Dkt. No. 62).

[14] Opening Br. 2.

of a "physical union" between his genitalia and S.H.'s mouth, the Superior Court should have entered a directed verdict in his favor *sua sponte*.[15] Second, Mayhan argues that because no reasonable jury could credit one incriminating detail from his testimony (that he engaged in oral sex with S.H.) while rejecting his overall narrative (that all sexual acts were consensual), the Superior Court should have, *sua sponte*, entered a judgment of acquittal notwithstanding the verdict.[16]

(7) "In the absence of a motion for directed verdict or for judgment of acquittal notwithstanding the verdict, this Court reviews claims of insufficient evidence for plain error."[17] "For a defendant to obtain a reversal based upon the plain error standard of appellate review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[18] When evaluating a criminal defendant's claim of insufficient evidence, we assess "whether *any* rational trier of fact, viewing the evidence in the light most favorable to the State, could find [a] defendant guilty beyond a reasonable doubt."[19] "[T]he fact that most of the State's evidence [is] circumstantial is irrelevant" to our

---

[15] *See generally* Opening Br.

[16] Replying Br. (dated Aug. 11, 2025) at 5–8.

[17] *Swan v. State*, 820 A.2d 342, 358 (Del. 2003).

[18] *Fisher v. State*, 953 A.2d 258, 259 (Del. 2008).

[19] *Monroe v. State*, 652 A.2d 560, 563 (Del. 1995) (emphasis and alteration in original).

determination, because we do not "distinguish between direct and circumstantial evidence" when reviewing insufficiency-of-the-evidence claims.[20]

(8)     Under Delaware law, a person is guilty of rape for any intentional, nonconsensual "physical union" of the person's genitalia with another person's mouth.[21] A physical union "occurs upon any penetration, however slight."[22] The degree of the offense is determined by the presence of certain aggravating factors enumerated under the statute.[23]

(9)     First, the Superior Court did not err in failing to enter a directed verdict to acquit Mayhan after the State completed its case-in-chief. In reviewing an insufficiency-of-the-evidence claim, we do not require the State to "produce evidence that is consistent *solely* with the reasonable hypothesis of guilt."[24] "[A]n alternative explanation of the facts that is consistent with innocence does not mandate a finding of insufficient evidence."[25] Here, the jury could reasonably infer that there was a "physical union" between Mayhan's genitalia and S.H.'s mouth at Location #2 from S.H.'s testimony that Mayhan ejaculated in her mouth. The mere

---

[20] *Id.*

[21] 11 *Del. C.* § 773(a) (defining first-degree rape); 11 *Del. C.* § 761(h)(1) (defining "sexual intercourse").

[22] 11 *Del. C.* § 761(h)(1).

[23] *See, e.g.*, 11 *Del. C.* § 773(a).

[24] *Morales v. State*, 696 A.2d 390, 394 (Del. 1997) (emphasis in original) (quotation marks omitted).

[25] *Id.*

existence of an alternative explanation consistent with his innocence—that he may have ejaculated into her mouth from a distance—does not justify reversal of the jury's verdict. Therefore, the Superior Court did not commit plain error in failing to enter a directed verdict of acquittal.

(10) Second, the Superior Court did not err in failing to enter a judgment of acquittal notwithstanding a verdict after the jury accepted only part of Mayhan's testimony. "[I]t is the sole province of the fact finder to determine witness credibility, resolve conflicts in testimony and draw any inferences from the proven facts."[26] "The jury has 'discretion to accept one portion of a witness' testimony and reject another part.'"[27] Here, by the close of evidence, the jury had heard testimony from Mayhan that he engaged in oral sex with S.H. at Location #2.[28] The jury, as fact finders, was "free to reject all or part of" Mayhan's narrative.[29] It was within the sole province of the jury to find that oral sex occurred at Location #2 but that it was not consensual. And even if we agreed with Mayhan's position—which we do not—that the jury could rely only on evidence presented during the State's case-in-chief, a rational jury could still find beyond a reasonable doubt that there was a "physical union" based upon S.H.'s testimony.

---

[26] *Washington v. State*, 4 A.3d 375, 378 (Del. 2010) (alteration in original).

[27] *Id.*

[28] A84 (Trial Tr. 253:14–15).

[29] *Poon v. State*, 880 A.2d 236, 238 (Del. 2005).

6

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice