**James H. VALERIUS, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: Feb. 13, 1990.

Decided: April 17, 1990.

Rodney Don Sweet, Georgetown, for appellant.

Richard E. Fairbanks, Jr., Chief of Appeals Division, Dept. of Justice, Wilmington, for appellee.

Before HORSEY, WALSH, and HOLLAND, JJ.

PER CURIAM.

The sole issue presented by this appeal is whether a motorist who has been found by Superior Court to be an habitual offender under 21 *Del.C.* § 2807, and his driver's license revoked, has standing to petition for restoration of his driving privileges before expiration of the mandatory revocation period as defined under 21 *Del.C.* § 2809. Defendant-appellant James H. Valerius was separately convicted during a five-year period of at least three serious motor vehicle driving offenses, the last being on May 12, 1987 for Driving under the Influence in violation of 21 *Del.C.* § 4177. The Attorney General, acting pursuant to the Delaware Habitual Offenders Act (hereafter the "Act"), 21 *Del.C.* § 2804, filed a petition seeking a declaration that Valerius was an habitual offender.[1] On September 7, 1988 Valerius was declared by Superior Court to be an habitual offender under 21 *Del.C.* § 2802(1); and by operation of section 2807 and section 2809(1), Valerius was forbidden to operate, or be licensed to operate, a motor vehicle in Delaware for a period of five years.[2]

---

1. Under the provisions of section 2802, habitual offender status shall be declared upon conviction within a five-year period of three of the serious offenses enumerated in section 2802(1); or conviction within a three-year period of any of ten separate non-enumerated motor vehicle offenses under section 2802(2).

2. 21 *Del.C.* § 2807 provides in pertinent part that Superior Court, upon finding a person to be "an habitual offender ... shall by appropriate judgment direct that such person not drive or operate a motor vehicle on the highways of this State and to surrender to the Court all licenses or permits. . . ."

The statute notwithstanding, six months later, in March 1989, Valerius filed in Superior Court a petition seeking a hearing under 21 *Del.C.* § 2809 for restoration of his driving privileges. He supported his petition with claims of successful completion of an inpatient alcoholism treatment program, completion of the Delaware Drinking Driving Program, participation in Alcoholics Anonymous, and other affidavits attesting to appellant's steady employment, sobriety and general good standing. Finding the petition premature, Superior Court summarily dismissed it on the ground that an habitual offender's license could not be restored until after expiration of the mandatory period of suspension. Following appeal to this Court and remand for clarification of the record, Superior Court formally denied Valerius' petition as statutorily barred. We affirm.

Appellant Valerius' argument for reversal is premised on an asserted ambiguity in the language of section 2809, which reads as follows:

§ **2809. Prohibition against issuance of driver's license or operation of motor vehicle; restoration of privilege.**

No license to operate a motor vehicle in this State shall be issued to an habitual offender nor shall a nonresident habitual offender operate a motor vehicle in this State:

(1) For a period of 5 years from the date of the order of the Court finding such person to be an habitual offender as defined in § 2802(1) of this title and for a period of 3 years from the date of the order of the Court finding such person to be an habitual offender as defined in § 2802(2) of this title.

(2) Until such time as financial responsibility requirements are met; and

(3) Until, upon petition and for good cause shown, the Court, at its discretion, restores to such person the privilege to operate a motor vehicle in this State upon such terms and conditions as the Court may prescribe, subject to

other provisions of law relating to the issuance of operators' licenses.

Valerius reads subsections (2) and (3) of section 2809 as entitling a motorist, even though found to be an habitual offender under section 2807, to petition for restoration of his driving privileges at any time after imposition of the mandatory revocation period of subsection (1) of section 2809.

We reject such a construction of section 2809 as not only contrary to the plain meaning of the section, but as leading to an absurd result which is contrary to the underlying intent and purpose of the Act. *Wyant v. State*, Del.Supr., 519 A.2d 649, 658 (1986). Valerius' construction of section 2809 contradicts the fair import of the section when read as a whole. He disregards the mandate of subsection (1) imposing a period of license revocation. Section 2809 plainly states that no license shall reissue (1) for a period of five years from date of· order declaring habitual offender status under section 2802(1); (2) until financial responsibility is shown; *and* (3) until good cause is shown. Clearly, subsections (2)ʼ and (3) do not become operable until subsection (1) has been satisfied. Section 2809 may not be otherwise construed without ignoring the clear prohibition of subsection (1) of section 2809 against re-issuance of a license, once revoked under chapter 28, before the expiration of the controlling mandatory period of revocation. In Valerius' case, that period is five years from September 7, 1988.

Valerius' strained construction of section 2809 is also patently inconsistent with the clear legislative intent underlying chapter 28. That intent is to be found in section 2801:

§ **2801. Declaration of policy.**

It is hereby declared to be the policy of this State to:

(1) Provide maximum safety for all persons who travel or otherwise use the public highways of this State; and

---

21 *Del.C.* § 2809 provides in pertinent part that "[n]o license to operate a motor vehicle in this State shall be issued to an habitual offender ... (1) For a period of 5 years from date of

the order of the Court finding such person to be an habitual offender as defined in § 2802(1)...."

(2) Deny the privilege of operating motor vehicles on our highways to persons who by their conduct and record have demonstrated their indifference to the safety and welfare of others and their disrespect for the laws of this State, the orders of its courts and the statutorily required acts of its administrative agencies; and

(3) Discourage repetition of criminal acts by individuals against the peace and dignity of this State and her political subdivisions and to impose increased and added deprivation of the privilege to operate motor vehicles upon habitual offenders who have been convicted repeatedly of violations of the motor vehicle laws.

The Legislature has thus stated that the primary purpose of the statute is to foster public safety by denying driving privileges to those whose repeated conduct evidences indifference to the safety of others. *Villa v. State*, Del.Supr., 456 A.2d 1229, 1232 (1983); *State v. Kamalski*, Del.Supr., 429 A.2d 1315, 1318 (1981). Specifically, the language of paragraph (3) of section 2801 pointedly focuses our attention upon the intent of the Legislature to impose "increased and added deprivation" of driving privileges to repeat offenders. This statement of legislative intent refutes Valerius' misguided construction of section 2809 as intended to allow restoration of driving privileges prior to the mandatory periods proscribed. Section 2809 must be construed in a manner that harmonizes its provisions with the remaining provisions of the Act, especially sections 2807 and 2810. *E.I. Du Pont de Nemours & Co. v. Clark*, Del.Supr., 88 A.2d 436, 438 (1952). So read, the Act may only be construed as barring Valerius from seeking restoration of his driving privileges prior to expiration of his five-year period of revocation. *See Coastal Barge Corp. v. Coastal Zone Industrial Control Board*, Del.Supr., 492 A.2d 1242, 1246 (1985); *Murphy v. Board of Pension Trustees*, Del.Supr., 442 A.2d 950, 951 (1982).

\* \* \*

Affirmed.