Wade A. BOWERSOX, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 423,2002.

Supreme Court of Delaware.

Submitted: Jan. 22, 2003.
Decided: March 12, 2003.

Edward C. Gill, Esquire, The Law Office of Edward C. Gill, P.A., Georgetown, for Appellant.

Kim Ayvazian, Esquire, Deputy Attorney General, Department of Justice, Georgetown, for Appellee.

Before VEASEY, Chief Justice, WALSH, HOLLAND, BERGER and STEELE, Justices, constituting the Court en Banc.

PER CURIAM.

In this appeal we examine the habitual offender laws of Title 21, Chapter 28 of the Delaware Code. Upon consideration of those laws and the facts of this case, we hold that where a judgment of a court suspends an habitual offender's driving privileges for a period of time, after the termination of that period of time the habitual offender can be convicted of driving after judgment prohibited where he has failed to fulfill the required statutory procedures to reinstate his driving privileges and where the court has not lifted its judgment.

### Facts

On July 19, 1996, the Kent County Court of Common Pleas declared appellant, Wade Bowersox an habitual offender pursuant to 21 *Del. C.* § 2802. Specifically, the court ordered that Bowersox was prohibited from driving and his driving privileges were suspended for five years from the date of the order.

Five years and two days later, on July 21, 2001, a child was killed while Bowersox was driving a motor vehicle in Sussex County. Bowersox was arrested and gave a statement to the police in which he admitted drinking alcohol and smoking marijuana earlier that day. Bowersox, however, denied hitting the child. He told police that there were some kids throwing watermelons that caused the damage to the front windshield of his car.

The State, however, decided to indict Bowersox on charges of second degree murder, leaving the scene of an accident resulting in death to another, failure to report an accident, and driving after judgment prohibited. After a jury trial Bowersox was found not guilty of all charges except the charge of driving after judgment prohibited.[1] The Superior Court sentenced Bowersox to serve a mandatory term of 30 months at Level V pursuant to 11 *Del. C.* § 4204(k).[2] Bowersox now appeals his conviction and sentence.

### Issues on Appeal

■ Bowersox raises two issues in his appeal. First, he argues that he was improperly convicted of driving after judgment prohibited. Second, Bowersox contends that the 30 month mandatory sentence he received is illegal. We will review each issue respectively.

■ Bowersox asserts that because the order of the Court of Common Pleas stated his driving privileges were suspended for five years, after that five year period of time ended he could no longer be convicted of driving after judgment prohibited. The State argues that because Bowersox did not satisfy all the requirements of 21 *Del. C.* § 2809 he may still be found guilty of driving after judgment prohibited. We re-

1. 21 *Del. C.* § 2810. The statute states in pertinent part, "(a) It shall be unlawful for any person to operate any motor vehicle in this State while the judgment of the Court prohibiting the operation remains in effect."

2. 11 *Del. C.* § 4204(k) states in pertinent part: (1) Except as provided in this subsection, notwithstanding any statute, rule, regulation or guideline to the contrary, the court may direct as a condition to a sentence of imprisonment to be served at Level V... that all ... of said sentence shall be served without benefit of any form of early release, good time, furlough, work release, supervised custody or any other form of reduction or diminution of sentence.

view de novo whether the trial court correctly applied the law.[3]

Title 21, Section 2810 of the Delaware Code prohibits a person from driving a motor vehicle while a judgment of the Court prohibiting such operation remains in effect.[4] Thus the key to determining whether Bowersox is guilty under Section 2810 is whether there was a judgment of a court that prohibited him from operating a vehicle at the time the incident occurred. Bowersox contends no such judgment existed because the order of the court expired on July 19, 2001, two days before the incident.

The order of the Court found Bowersox to be an habitual offender pursuant to 21 *Del. C.* § 2802.[5] As a result of Bowersox' status the order declared: "That the defendant shall not drive or operate a motor vehicle on the highways of this State,. and shall surrender to the Court all licenses or permits to operate a motor vehicle on such highways pursuant to 21 Del. C. § 2807."[6] Furthermore, the order stated, "That the

defendant's driving privileges be suspended ... for a period of five years from the date of the Order...." [7]

Bowersox argues that because the order states that his driving privileges are suspended for five years the judgment of the Court ended for him at the end of the five year period, which was two days before the incident in question. This, however, misstates the court's order and judgment.

The court's order and judgment consisted of several different elements. First, Bowersox was declared an habitual offender. Second, his license was revoked and he was prohibited from driving. Third, his driving privileges were suspended for five years. Finally, he was to remain subject to the provisions of Chapter 28 of the Delaware Code until the effective terms of the order ended.

Under 21 *Del. C.* § 2809 Bowersox was required to fulfill three conditions before he was eligible to obtain a new license.[8] Bowersox, however, had satisfied only the first condition at the time of the incident.

3. *Atkinson v. State*, 778 A.2d 1058, 1061 (Del. 2001).

4. 21 *Del. C.* § 2810.

5. Title 21, Section 2802 of the Delaware Code states in pertinent part, "An 'habitual offender' shall be any person, resident or nonresident, whose driving record, ... shows that such person has accumulated convictions for separate and distinct offenses...."

6. *State v. Bowersox*, C.A. No. 96-06-0054HO (Del.Ct.C.P.1996). Title 21, Section 2807 of the Delaware Code provides in pertinent part:

If the Court finds that ... the person is an habitual offender, the Court shall by appropriate judgment direct that such person not drive or operate a motor vehicle on the highways of this State and to surrender to the Court all licenses or permits to operate a motor vehicle upon the highways of this State.

7. *Id.*

8. Title 21, Section 2809 of the Delaware Code states:

No license to operate a motor vehicle in this State shall be issued to an habitual offender nor shall a nonresident habitual offender operate a motor vehicle in this State:
(1) For a period of 5 years from the date of the order of the Court finding such person to be an habitual offender as defined in § 2802(1) of this title and for a period of 3 years from the date of the order of the Court finding such person to be an habitual offender as defined in § 2802(2) of this title;
(2) Until such time as financial responsibility requirements are met; and
(3) Until, upon petition and for good cause shown, the Court, at its discretion, restores to such person the privilege to operate a motor vehicle in this State upon such terms and conditions as the Court may prescribe

Thus, the order of the Court continued to prohibit his privilege to drive after the five year period because he had not met the requirements of Section 2809 in order to be able to drive again. The five years referred to in the Order merely declared when he would first be eligible to attempt to obtain a new license.

In *Valerius v. State*, this Court held the appellant did not have a right to petition for a hearing for restoration of his driving privileges where he had failed to satisfy the first condition of Section 2809 although he satisfied conditions two and three.[9] This Court found appellant's contention was contrary to the plain meaning of the statute and would lead "to an absurd result which is contrary to the underlying intent and purpose of the Act."[10] For Valerius to obtain a hearing for restoration of his license he had to satisfy all three conditions. Thus the judgment revoking his driving privileges remained in effect until all three conditions were satisfied.

*Valerius* is persuasive here because, like the appellant in *Valerius*, Bowersox had not met all three conditions of Section 2809 which he was required to do. Thus Bowersox did not have standing to obtain a hearing regarding receipt of a new license at the time of the incident. His lack of standing supports the argument that Bowersox was still prohibited from driving as a result of the judgment of the Court of Common Pleas when the incident occurred. Accordingly, Bowersox was prohibited from driving at the time of the incident as a result of the Court's judgment. His conviction for driving after judgment prohibited is proper.

Bowersox also argues that the 30 month mandatory sentence he received is improper. He contends that the trial judge's sentence was illegal because it was based on false factual predicates. He also argues that the judge was sentencing with bias, vindictiveness, and a closed mind.

This Court will not disturb a sentence on appeal unless there is either a showing that the sentence is illegal or that the judge abused his discretion.[11] "Appellate review of a sentence generally ends upon determination that the sentence is within the statutory limits prescribed by the legislature."[12]

The sentencing court did not abuse its discretion by requiring Bowersox to serve the mandatory maximum term in the statute. The statute specifically states that a person convicted of driving after judgment prohibited shall be "imprisoned not less than 90 days nor more than 30 months" for a first offense.[13] Thus, the sentence was within the statutory limits. Bowersox has failed to prove the judge based his sentence on false factual predicates or was sentencing with bias or vindictiveness. Accordingly, the sentence Bowersox received is within the discretion of the sentencing judge.

### Conclusion

Bowersox was properly convicted of driving after judgment prohibited because he had not satisfied all the conditions necessary to reinstate his driving privileges at the time of the incident. Thus, the judgment of the Court was still in effect. Furthermore, the sentence Bowersox received

---

subject to other provisions of law relating to the issuance of operators' licenses.

9. *Valerius v. State,* 574 A.2d 855, 857 (Del. 1990).

10. *Id.* at 856.

11. *Weber v. State,* 655 A.2d 1219, 1221 (Del. 1995).

12. *Ward v. State,* 567 A.2d 1296, 1297 (Del. 1989).

13. 21 *Del. C.* § 2810.

was within the statutory guidelines and a proper exercise of the discretion of the sentencing judge.

The judgment of the Superior Court is AFFIRMED.