**Joseph M. TAYE, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

**No. 181, 2010.**

Supreme Court of Delaware.

Submitted: April 13, 2011.

Decided: May 17, 2011.

---

Jennifer–Kate Aaronson, Esquire, (argued), Aaronson, Collins & Jennings, LLC, Wilmington, Delaware, for Appellant.

Paul R. Wallace, Esquire, Sean P. Lugg, Esquire (argued), Department of Justice, Wilmington, Delaware, for Appellee.

Before HOLLAND, BERGER and JACOBS, Justices.

BERGER, Justice:

In this appeal we consider whether the trial court properly found that a first responder was a "firefighter . . . in the lawful performance of duties," under a criminal statute making the reckless killing of such a person first degree murder. The victim was trained both as an emergency services responder (EMR) and as a firefighter. But she was not putting out a fire when appellant's car struck and killed her. She was providing medical assistance to a person injured in a motorcycle accident. The testimony at trial established that firefighters perform multiple functions, many of which do not involve fires. Based on the evidence, the trial court determined that the victim was a qualified firefighter, and that she was performing a firefighting function by providing emergency medical assistance at the time of her death. We agree with the trial court's conclusion and affirm appellant's first degree murder conviction.

### Factual and Procedural Background

On December 20, 2008, a motorcyclist crashed on U.S. Rt. 13. Wilmington Manor Fire Company dispatched a rescue truck and an ambulance to the accident scene. Rescue trucks are dual purpose vehicles that serve as engines for firefighting and as rescue vehicles. No fire had been reported in this case, but rescue trucks are dispatched routinely because they carry special equipment, such as extrication tools, that may be needed for car accidents. The ambulance was dispatched to provide emergency medical services.

The ambulance arrived first and parked in the street several feet past the injured motorcyclist. Michelle Smith—who was the ambulance's driver, an emergency medical responder ("EMR"), a firefighter, and a member of the Delaware City Fire Company ("DCFC")—began administering first aid while an emergency medical technician ("EMT") accompanying Smith retrieved medical equipment from the ambulance. Soon after, a patrolman arrived and parked his marked police car 15 to 30 feet behind the ambulance.

As the rescue truck was heading to the accident scene, with its emergency lights and sirens operating, two cars passed to its left. The first car swerved, and avoid-

ed hitting the police car. Taye was driving the second car. His car hit the police car, without braking, and then hit Smith and the injured motorcyclist. Smith died from her injuries; the motorcyclist survived.

Taye is a paraplegic. When his car stopped, about 400 feet after hitting Smith, he struggled from the driver's seat to the passenger's seat and crawled out of the car. Soon after, an unknown male arrived and helped Taye into another car. They both fled. The police found Taye's wheel chair and a long thin pole in the back of his then-abandoned car. The car was not modified for use by a paraplegic. Instead, Taye controlled the car's pedals with the pole.[1]

The State indicted Taye for first degree murder and other offenses. At the bench trial, Taye moved for judgment of acquittal on the first degree murder charge, arguing that Smith was not a "firefighter . . . in the lawful performance of duties" under 11 *Del. C.* § 636(a)(4). The Superior Court denied the motion, and convicted him on all charges. This appeal followed.

### Discussion

The sole issue on appeal is whether Smith was a firefighter in the performance of her duties, thereby elevating the offense of manslaughter to first degree murder. At the time of Smith's death, § 636(a)(4) provided:

> A person is guilty of murder in the first degree when: ". . . [t]he person recklessly causes the death of a law-enforcement officer, corrections employee or fire fighter while such officer is in the lawful performance of duties."

In 2009, the General Assembly passed an amendment, designated as "Michelle Smith's Law," that added paramedics, emergency medical technicians, fire marshals, and fire police officers to the list of covered officers.

Taye argues that the word "firefighter," which is undefined in the Criminal Code, should be given its commonly understood meaning. The dictionary definition of a "firefighter" is "a person who fights fires."[2] Thus, the statute must be read to include only those who were fighting fires at the time of death. Taye contends that the 2009 amendment supports his position, since the General Assembly would not have added paramedics and emergency medical technicians as covered officers if they already were included in the definition of "firefighter."

The problem with Taye's argument is that it focuses on the wrong part of the statute. His definition of "firefighter" is correct. A firefighter is one who is trained to fight fires. It is undisputed that Smith was a firefighter. She was a member of the DCFC and had completed Delaware State Fire School firefighter training. The question is not whether Smith was a firefighter, but whether she was a firefighter "in the performance of [a firefighter's] duties" when she was killed. The trial court concluded that she was, and found Taye guilty, based on the evidence presented at trial. In reviewing that verdict, this Court must decide whether, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[3] As

---

1. Taye's license had been revoked before he was paralyzed. At the time of the collision, Taye was not licensed to drive as a handicapped driver.

2. *Merriam–Webster's Collegiate Dictionary* (11th Ed., 2004).

3. *Hackett v. State*, 888 A.2d 1143, 1146 (Del. 2005).

noted, the only element of the crime that Taye disputes is the finding that Smith was performing a firefighter's duties at the time of her death.

The record amply supports the trial court's finding. James Rosseel, the DCFC Fire Chief, testified that Smith had been trained and qualified as an EMR and a firefighter. He explained that, "[t]here are several roles that a firefighter plays under the firefighter classification at Delaware City."[4] For example, DCFC responds to about 30–40 rescue calls for the river each year. Those responses do not involve fires, but the "firefighters are deployed to assist in removing people from distress...."[5] Firefighters also are assigned to ambulances. The assignment to a particular apparatus depends on the availability of personnel, and does not affect the person's status as a firefighter. In sum, Rosseel testified that firefighters' duties include a range of activities, such as, driving an ambulance, providing medical assistance, rescuing a cat from a tree, extricating a person from an automobile, rescuing a person from a burning building, and putting out fires. From this evidence, a rational trier of fact could conclude that Smith was performing the duties of a firefighter at the time of her death.

### Conclusion

Based on the foregoing, the judgments of the Superior Court are affirmed.

---

4. Appellant's Appendix, A–102.

