# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|                          |   |                                   |
|--------------------------|---|-----------------------------------|
| OMARR J. SCOTT           | ) |                                   |
|                          | ) |                                   |
| Appellant,               | ) |                                   |
|                          | ) | ID# 1408003726, 1605010033        |
| v.                       | ) | 1606017066, 1607023828, and       |
|                          | ) | 1611018494                        |
| STATE OF DELAWARE,       | ) |                                   |
|                          | ) |                                   |
| Appellee.                | ) |                                   |
|                          | ) |                                   |

Submitted: October 4, 2018
Decided: December 18, 2018

On Appeal from the Court of Common Pleas.
**REVERSED.**

## MEMORANDUM OPINION

Benjamin S. Gifford IV, Esquire, Law Office of Benjamin S. Gifford IV, Wilmington, Delaware, Attorney for Appellant Omarr J. Scott.

Erik C. Towne, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for Appellee the State of Delaware.

COOCH, R.J.

## I. INTRODUCTION

Before this Court is Appellant's appeal of a Court of Common Pleas' January 16, 2018, ruling in five cases of Driving While Suspended pursuant to 21 *Del. C.* § 2756(a), adjudicated by a consolidated bench trial, finding Appellant guilty of all five charges. Appellant was ultimately sentenced to four years of Level V incarceration, suspended after two years for one year of Level III probation. Appellant's appeal raises one issue: whether he was properly convicted (from five separate occasions) of Driving While Suspended under 21 *Del. C.* § 2756(a), when

1

he drove a motor vehicle on a public roadway after his license suspension period ended, but before he paid the license reinstatement fee.

The Court finds that Appellant should not have been convicted under 21 *Del. C.* § 2756(a) under the facts of this case and because of a decision by the Delaware Supreme Court in *Dehorty v. State*, 2002 WL 31946069 (Del. 2002), that stated: "While [the defendant] did drive at the time of the offense without having taken steps to reinstate her license, her actual revocation period expired [a year before her offense] .... *At most, the record reflects that she could have been charged with and convicted of Del. Code Ann. tit. 21 § 2701(b)* [instead of Driving While Suspended pursuant to 21 *Del. C.* § 2756(a)]."[1] Here, Appellant drove a motor vehicle after his license suspension period ended, but before his license was reinstated. As this Court reads *Dehorty*, the most that the Appellant in this case could have been convicted of was Driving Without a License under 21 *Del. C.* 2701(b). Accordingly, and as was ordered by the Delaware Supreme Court in *Dehorty*, the Court vacates Appellant's five convictions under § 2756(a).

## II. FACTS AND PROCEDURAL HISTORY

The Delaware Division of Motor Vehicles ("DMV") initially suspended Appellant's license and driving privileges on September 2, 2011, for a period of six months due to lack of insurance. More than a year after his initial suspension period ended, the DMV suspended Appellant's license and driving privileges for a second time on November 22, 2013, for a period of two months. The second period of suspension ended on January 22, 2014. For each suspension, Appellant received an official notice of suspension from the DMV which stated that in order to be eligible for reinstatement, Appellant was required to serve the full term of the suspension and pay a $25.00 reinstatement fee at the DMV.[2] The notice stated "[y]our driver license and/or driving privileges remain suspended until this fee is paid."[3] Although the DMV did not suspend Appellant's privileges a third time, Appellant never took steps to reinstate his license after either the 2011 or 2013 suspensions.

From August 6, 2014, to February 13, 2017, Appellant was charged by information in the Court of Common Pleas with a multitude of traffic violations as

---

[1] *Dehorty v. State*, 817 A.2d 804 (Table), 2002 WL 31946069, at *2, ¶7 (Del. 2002) (No. 494, 2000).
[2] State's Answering Br. at 12, n.20.
[3] *Id.* at 19.

a result of several traffic stops.[4] In total, Appellant faced five counts of Driving While Suspended,[5] one count of Driving Without a License,[6] one count of Failure to have Required Insurance,[7] two counts of Expired Tags,[8] one count of Failure to Have Insurance Identification in Possession,[9] and one count of Failure to Have License in Possession.[10] On August 8, 2017, Appellant's cases proceeded to a consolidated bench trial in the Court of Common Pleas. After trial, the parties were ordered to brief the legal issues presented during trial, specifically whether Appellant's driver's license and privileges were suspended at the time of the five traffic stops.[11] The dispositive issue for the five counts of Driving While Suspended was whether Appellant was still legally suspended for the purposes of 21 *Del. C.* § 2756(a) after his period of suspension ended, but before Appellant paid the $25.00 reinstatement fee to the DMV to reinstate his license. The Court considered the official notices of suspension that Appellant received, as well as the testimony of Mrs. Kami Beers, Chief of Driver Services for the DMV, who stated that "there were various requirements which must be fulfilled to lift a suspension, including paying fines … [and] a suspension remains in effect until the enumerated conditions are completed."[12] At the time of each of the underlying traffic stops Appellant's Full Driving Record on file with the DMV listed him as suspended.[13]

The Court of Common Pleas issued its written decision on January 16, 2018, and found Appellant guilty of five counts of Driving While Suspended, one count of Driving Without a License, two counts of Failure to Have Required Insurance, and two Counts of Expired Tags.[14] The parties did not cite *Dehorty* in their briefs below, nor did the Court of Common Pleas discuss that case. In essence, the Court of

---

[4] Appellant was charged based on five traffic stops that occurred on: August 4, 2014; May 14, 2016; June 21, 2016; July 31, 2016; and November 28, 2016. Appellant was charged by five separate informations dated: August 6, 2014; June 20, 2016; August 1, 2016; August 17, 2016; and February 13, 2017. *See* State's Answering Br. at 1–2.

[5] 21 *Del. C.* § 2756(a).

[6] 21 *Del. C.* § 2701(b).

[7] 21 *Del. C.* § 2118(a).

[8] 21 *Del. C.* § 2115(1).

[9] 21 *Del. C.* § 2118(p)(1).

[10] 21 *Del. C.* § 2721(b).

[11] State's Answering Br. at 2.

[12] *Id.* at 7.

[13] *State v. Scott*, 2018 WL 1801269, at *3–4 (Del. Com. Pl. Jan. 16, 2018).

[14] *Scott*, 2018 WL 1801269, at *11. After the State's case in chief, Appellant moved for Judgment of Acquittal pursuant to Court of Common Pleas Criminal Rule 29(a), as to the charge of Failure to Have License in Possession. The motion was granted as to that charge alone, because Appellant had never been issued a valid license. *Id.*

3

Common Pleas held, with respect to defining the period of suspension under 21 *Del. C.* § 2756(a), that "'the key determination' [was] whether Defendant possessed driving privileges when he was charged."[15] The Court held that a period of suspension "not only includes the monthly 'term of the suspension,' but also the period prior to reinstatement of the offender's driver's license or driving privileges."[16]

On February 13, 2018, Appellant was sentenced to an aggregate of four years Level V incarceration, suspended after two years for one year Level III probation.[17] On May 15, 2018, Appellant filed a timely Notice of Appeal to this Court.

## III. PARTIES' CONTENTIONS

### A. Appellant's Contentions

Appellant argues that the Court of Common Pleas committed reversible error by finding him guilty of five counts of Driving While Suspend or Revoked under 21 *Del. C.* § 2756(a). Appellant contends that a violation of § 2756(a) can only occur if an offender drives a motor vehicle "*during* the period of suspension or revocation[.]"[18] Conversely, the language in 21 *Del. C.* § 2701(b) – Driving Without a License states that an offender is in violation if the offender operates a motor vehicle "*after* serving a period of suspension, revocation, or license denial, *without first* having obtained a valid license through reinstatement procedures[.]"[19] Appellant argues that he was eligible to initiate the reinstatement process, but merely "failed to reinstate [his driving] privilege[s] after serving the entirety of his period of suspension."[20] Thus, Appellant contends, at most he could have been charged with and convicted of Driving Without a License under § 2701(b).

Appellant strongly relies on the Delaware Supreme Court's holding in *Dehorty v. State*. In *Dehorty*, the defendant-driver appealed *inter alia* her conviction under 21 *Del. C.* § 2756(a), arguing that she could not be convicted under the statute because her revocation period had expired before her alleged misconduct.[21] The Delaware Supreme Court vacated Dehorty's conviction of Driving While

---

[15] *Id.* (citing *State v. Kimbi*, 2015 WL 5007981, at *2 (Del. Com. Pl. Aug. 21, 2015)).
[16] *Id.*
[17] State's Answering Br. at 2.
[18] 21 *Del. C.* § 2756(a) (emphasis added).
[19] 21 *Del. C.* § 2701(b) (emphasis added).
[20] Appellant's Opening Br. at 7, 11–12.
[21] Appellant's Opening Br., *Dehorty*, 2002 WL 31946069, D.I. 13, at 26–27 (Del. Mar. 5, 2001).

4

Suspended. The Court explained that while Dehorty failed to take steps to reinstate her license, her revocation period had expired by the time of the offenses charged.[22] Appellant contends that *Dehorty* is binding precedent and "directly addressed" the issue on appeal before this Court.

### B. *Appellee's Contentions*

The State argues that the Court of Common Pleas correctly determined that Appellant drove a motor vehicle on a public roadway during a period of suspension or revocation, because Appellant's suspensions were still in effect according to the DMV records. The State stresses that *Dehorty* is distinguishable because the prosecution in *Dehorty* did not submit any evidence regarding whether defendant-driver had other conditions, beyond the period of suspension, to fulfill before she could reinstate her license. In the instant appeal, the notice Appellant received from the DMV stated "[y]our driver license and/or driving privileges remain suspended until this fee is paid."[23] Furthermore, Kami Beers, Chief of Driver Services for the DMV, testified at trial that "there were various requirements which must be fulfilled to lift a suspension, including paying fines ... [and] a suspension remains in effect until the enumerated conditions are completed."[24] Thus, the State contends that due to Appellant's "inaction to satisfy[] all of the enumerated conditions on two proper DMW suspensions, both underlying suspensions remained in effect on [Appellant's] license and driving privileges at the times charged."[25] Essentially, the State argues that Appellant's suspension remained in effect beyond the enumerated time period, and was still in effect at the time of the underlying traffic stops, because Appellant failed to satisfy the additional requirement to pay a fee to reinstate his license.[26]

## IV. STANDARD OF REVIEW

"In reviewing appeals from the Court of Common Pleas, this Court sits as an intermediate appellate court, and its function mirrors that of the Supreme Court."[27]

---

[22] *Dehorty*, 2002 WL 31946069, at *2, ¶7.
[23] State's Answering Br. at 19.
[24] *Id.* at 7.
[25] *Id.* at 4.
[26] *Id.* at 19.
[27] *DeLoach v. State*, 2012 WL 2948188, at *3 (Del. Super. Ct. July 16, 2012) (citing *Baker v, Connell*, 488 A.2d 1303, 1309 (Del. 1985)); *See also State v. Richards*, 1998 WL 732960, at *1 (Del. Super. Ct. May 28, 1998).

"Questions of law are subject to *de novo* review."[28] This Court also reviews issues of statutory construction *de novo* to determine whether the Court of Common Pleas erred as a matter of law in interpreting a statute.[29]

## V. DISCUSSION

### A. Pursuant to the Delaware Supreme Court's holding in *Dehorty v. State*, Appellant's convictions under 21 *Del. C.* § 2756 must be vacated.

Appellant's case is very similar to that of the defendant-driver in *Dehorty*. In *Dehorty*, the defendant-driver appealed *inter alia* her conviction under 21 *Del. C.* § 2756(a), arguing that she could not be convicted under the statute because her period of suspension had expired before her alleged misconduct.[30] Notably, the State in *Dehorty* conceded on appeal that Dehorty should not have been convicted under § 2756(a), but rather convicted under 21 *Del. C.* § 2701(b).[31] In its answering brief in *Dehorty* the State broadly "concede[d]" that:

> Shelly Dehorty was indicted for the offense of driving while suspended or revoked … in that she drove a motor vehicle on December 24, 1999, when her driver's license was suspended or revoked. … The record shows a 12 month revocation, effective May 5, 1997. … In order to be convicted of driving during revocation under 21 *Del. C.* § 2756(a), the State was required to prove that Dehorty's driver's license was validly revoked in 1997 for 12 months and that she drove during the period of revocation. *The State concedes that since Dehorty's revocation period expired on May 5, 1998, [one year and seven months before the underlying offense,] she can not legally be convicted of driving during revocation, but should have been convicted of the lesser included offense of failing to reinstate her driver's license as a second offense.* As a result of the State's confession of error in this regard, this Court should vacate the driving during revocation conviction and sentence and remand this case back to the Superior Court with instruction to enter a conviction for failing to reinstate her license…"[32]

Adopting the State's concession, the Delaware Supreme Court vacated Dehorty's conviction of Driving While Suspended or Revoked. The Court explained that while Dehorty had failed to take steps to reinstate her license, her period of suspension had expired by the time of the offenses charged. The Supreme Court stated:

---

[28] *DeLoach*, 2012 WL 2948188, at *3 (citing *J.S.F. Props., LLC v. McCann*, 2009 WL 1163494, at *1 (Del. Super. Ct. Apr. 30, 2009)).
[29] *Snyder v. Andrews*, 708 A.2d 237, 241 (Del. 1988).
[30] Appellant's Opening Br., *Dehorty,* 2002 WL 31946069, D.I. 13, at 26–27.
[31] State's Answering Br., *Dehorty*, 2002 WL 31946069, D.I. 15, at 18–20 (Del. Apr. 4, 2001).
[32] *Id.* at 19–20 (internal citations omitted) (emphasis added).

We must, as the State has conceded, vacate the judgment and sentence for the conviction of Driving While Revoked. While Dehorty did drive at the time of the offense *without having taken steps to reinstate her license*, her actual revocation period expired on May 5, 1998 after a one year revocation period. This offense occurred on December 24, 1999. *At most, the record reflects that she could have been charged with and convicted of Del. Code Ann. tit. 21 § 2701(b).*[33]

In response to Appellant's new (on appeal to this Court) reliance on *Dehorty*, the State argues that in *Dehorty* the prosecution did not present evidence of additional requirements that Dehorty needed to fulfill before she could reinstate her license, as was done in this case at the trial in the Court of Common Pleas. The State argues the lack of evidence of additional requirements distinguishes *Dehorty* from the instant appeal, in which the evidence established that Appellant was required to pay a reinstatement fee. In support of its argument, the State cites two cases in which a defendant-driver's license and privileges were considered suspended or revoked when the underlying offense occurred after the period of revocation ended. First, in *Bowersox v. State*, the Delaware Supreme Court, when examining 21 *Del. C.* § 2810, held a driver's license remained suspended beyond the yearly term of suspension until the driver satisfied all of the conditions listed under 21 *Del. C.* § 2809.[34] Bowersox's license had been suspended due to his habitual offender status, pursuant to 21 *Del. C.* § 2802. Bowersox was then subsequently arrested for driving a motor vehicle and indicted under 21 *Del. C.* § 2810 – Driving after Judgment. Section 2810 "prohibits a person from driving a motor vehicle while a judgment of the Court prohibiting such operation remains in effect."[35] The underlying judgment of the Court suspended Bowersox's driving privileges for five years, and stated he remained "subject to the provision of [Title 21,] Chapter 28 of the Delaware Code until the effective terms of the order ended."[36] Under 21 *Del. C.* § 2809, Bowersox was required to fulfill several statutory conditions before reinstatement.[37] Bowersox failed to fulfill all conditions at the time of the underlying offense, and thus could be properly convicted of Driving after Judgment.[38]

In *State v. Taye,* the second case relied upon by the State, the defendant-driver "[was] a paraplegic, who did not undertake special lessons to drive in his condition, and was not licensed to drive as a handicapped driver. His license was revoked in

---

[33] *Dehorty*, 2002 WL 31946069, at *2, ¶7 (emphasis added).
[34] *Bowersox v. State*, 819 A.2d 301 (Del. 2003).
[35] *Id.* at 304.
[36] *Id.*
[37] *See* 21 *Del. C.* § 2809.
[38] *Bowersox*, 819 A.2d at 304.

7

May 2005 prior to becoming a paraplegic." [39] Subsequent to his own injury, in December 2008, Taye collided with emergency responder at the scene of an accident on U.S. Route 13, killing the emergency responder. Taye had not reinstated his license between May 2005 and the December 2008 accident. He was convicted of driving while suspended or revoked.[40] The Superior Court found that:

> The evidence shows that Taye's driving privileges had been revoked since May 2005, and had not been reinstated. The evidence determined beyond a reasonable doubt that Taye was not properly specially licensed as a paraplegic to operate a motor vehicle. ... As to Count VI-Driving a Vehicle While License is Suspended or Revoked: Joseph Taye's license was revoked in May 2005 and never re-instated. Accordingly, he is guilty beyond a reasonable doubt of driving a vehicle while license is suspended or revoked.[41]

The Court in *Taye* did not, however, articulate what driving while suspended or revoked encompasses, or address whether there is a distinction between driving during a period of suspension versus driving after a period of suspension ends but before reinstatement.[42] Nevertheless, the State contends that Appellant, much like Taye, failed to complete additional requirements; paying the reinstatement fee in the Appellant's case. Thus, the State believes Appellant remained suspended at the time of the underlying offenses for the purposes of § 2756(a). The State argues that both *Bowersox* and *Taye* are analogous to Appellant's case.

The State's arguments, apart from *Dehorty*'s holding, do have some merit. However, neither *Bowersox* nor *Taye* directly address the issue on appeal before this Court. The Supreme Court in *Bowersox* discussed the narrow issue of suspension pursuant to 21 *Del. C.* § 2802. Here, Appellant was not suspended under § 2802, therefore *Bowersox* is not as analogous as the State would hope.[43] As the Court of Common Pleas explained in its decision below, *Bowersox* "was analyzing narrower language ... and the defendant in *Bowersox* was subject to additional restrictions

---

[39] *State v. Taye*, 2009 WL 4017638, at *1 (Del. Super. Ct. Nov. 20, 2009), *aff'd on other grounds*, 21 A.3d 41 (Del. 2011). The sole issue on direct appeal to the Delaware Supreme Court was whether the victim that Taye struck "was a firefighter in the performance of her duties, thereby elevating the offense of manslaughter to first degree murder." *Taye v. State*, 21 A.3d 41, 43 (Del. 2011). Regarding Taye's Driving While Suspended or Revoked conviction, the Supreme Court stated in a footnote that "[a]t the time of the collision, Taye was not licensed to drive as a handicapped driver." *Taye*, 21 A.3d at 43, n.1.
[40] *Taye v. State*, 21 A.3d 41, 43 (Del. 2011).
[41] *State v. Taye*, 2009 WL 4017638, at *8, 10.
[42] *Scott*, 2018 WL 1801269, at *6.
[43] *See* Appellant's Reply Br. at 10. "Finally, the State resurrects two arguments in its Answering Brief already rejected by the trial court." *Id*.

based on his habitual offender status."[44] Secondly, while the defendant-driver in *Taye* failed to complete special lessons, which could arguably constitute additional requirements, the Superior Court did not address the distinction between driving during a suspension period and driving after the period ended. It must also be noted that neither *Taye* or *Bowersox*, post-*Dehorty* cases, addressed the holding in *Dehorty*.[45]

This Court is constrained by the holding in *Dehorty* and is not now writing on a clean slate. The applicable language in *Dehorty* is broad and appears, to this Court, to compel the reversal of the five convictions below of Driving While Suspended. *Dehorty* addressed a very similar issue to the matter before the Court now. Both Dehorty and Appellant "dr[o]ve at the time of the offense without having taken steps to reinstate [their] licenses," but their actual suspension periods had expired.[46] Dehorty's § 2756(a) conviction was vacated. In the instant appeal the State argues that because there was no evidence that the defendant-driver in *Dehorty* was required to fulfill additional requirements before reinstatement, that decision is distinguishable from Appellant's appeal. However, the Supreme Court fully adopted the broad concession by the State in *Dehorty*. Thus, this Court must vacate Appellant's five convictions under 21 *Del. C.* § 2756(a).[47] At most, Appellant "could have been charged with and convicted of" 21 *Del. C.* § 2701(b).[48]

---

[44] *Scott*, 2018 WL 1801269, at *6.

[45] In fact, few cases have cited *Dehorty*. Those that do discuss issues raised in that case that are not present in the instant appeal. *See Bishop v. Progressive Direct Insurance Co.*, 2016 WL 7242582, at *2 (Del. Super. Ct. Dec. 15, 2016) (explaining that in *Dehorty*, "the Delaware Supreme Court upheld a Reckless Driving conviction when the defendant ran into a turning horse carriage after attempting to pass it within 100 feet of an intersection, while speeding, at night, on a shoulderless [sic] country road"); *Div. of Family Servs. v. J.W.*, 2013 WL 7761082, at *8 (Del. Fam. Ct. Oct. 30, 2013) (explaining that *Dehorty* "affirmed the trial court's finding that a victim's [injuries] were serious physical injuries"); *Div. of Family Servs. v. A.L.*, 2012 WL 4861426, at *10, n.51 (Del. Fam. Ct. May 23, 2012) (explaining that *Dehorty* found "serious physical injury when victim in reckless driving case suffered broken clavicle, single broken leg bone and had numerous abrasions"); *In re Bitar Turou*, 2013 WL 5872157, at *3 (Board of Immigration Appeals Oct. 2, 2013) (explaining that the Supreme Court in *Dehorty* "considered the element of recklessness in Delaware's Assault in the Second Degree offense").

[46] *Dehorty*, 2002 WL 31946069, at *2, ¶7.

[47] *See also State v. Moore*, 269 A.2d 242, 243 (Del. Super. Ct. July 23, 1970) ("The essential elements of [21 *Del. C.* § 2756(a)] are: (1) That there was a revocation of the license to drive a motor vehicle; (2) that it was a legal revocation; and (3) that *during* the period of such revocation, the accused operated a motor vehicle on the public highway....") (emphasis added).

[48] *Dehorty*, 2002 WL 31946069, at *2, ¶7.

## VI. CONCLUSION

For the foregoing reasons, the decision of the Court of Common Pleas finding Appellant guilty of the five charges of Driving While Suspended is **REVERSED**.[49]

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

cc:     Prothonotary
        Clerk, Court of Common Pleas

---

[49] In his appeal, Appellant's sole argument was that the Court of Common Pleas committed reversible error by finding him guilty under 21 *Del. C.* § 2756(a). Appellant did not address or raise issue with his remaining convictions or the sentences imposed pursuant to those convictions. Accordingly, Appellant's remaining convictions of one count of Driving Without a License, two counts of Failure to Have Required Insurance, and two Counts of Expired Tags stand and remain unaltered.