IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

REGAN M. OGDEN,

      Appellant/Plaintiff Below,

v.

STATE OF DELAWARE,

      Appellee/Defendant Below.

:
:
:
:
:
:
:
:
:
:
:
:

C.A. No. S18A-09-001 RFS

## OPINION

*Upon Consideration of Plaintiff's Appeal From the Court of Common Pleas. Affirmed.*

Date Submitted: April 24, 2019
Date Decided: July 5, 2019


Regan M. Ogden, Jr., SBI #00284356, S.C.I., P.O. Box 500, Georgetown, Delaware 19947, Pro Se Appellant.

Caroline C. Brittingham, Esq., Department of Justice, 114 East Market Street, Georgetown, Delaware 19947, Attorney for Appellee.


**STOKES, R.J.**

## I. Introduction

Presently before the Court is an appeal from a decision of the Court of Common Pleas of the State of Delaware brought by Regan M. Ogden, Jr. ("Appellant"). On July 23, 2018, Appellant filed a Petition for Restoration of Driving Privileges pursuant to 21 *Del. C* § 2809.[1] The State opposed the Petition as premature and on September 10, 2018, an Order was issued by the Court of Common Pleas denying and dismissing Appellant's Petition as premature. On September 24, 2018, Appellant filed his appeal with this Court. Appellant seeks to reverse the Court of Common Pleas' decision denying Appellant's petition for restoration of driving privileges under the habitual offender driving restriction. The State of Delaware ("the State" or "Appellee") opposes Appellant's appeal. The Court AFFIRMS the Court of Common Pleas' decision for the reasons discussed below.

## II. Facts

On August 25, 2003, Appellant was declared a habitual offender pursuant to 21 *Del. C.* § 2802,[2] and his license was suspended for a period of five years. On February 24, 2009, Appellant committed vehicular homicide during the period he was prohibited from driving because of his habitual offender designation.[3] He killed two people and injured ten people in the

---

[1] The text of this Code Section appears at page 3 Fn. 9 of this decision.

[2] The relevant portion of 21 *Del. C.* § 2802 states:

An "habitual offender" shall be any person, resident or nonresident, whose driving record, as maintained in the office of the Division of Motor Vehicles, shows that such person has accumulated convictions for separate and distinct offenses described in paragraph (1) of this section during a 5-year period or paragraph (2) of this section during a 3-year period, provided, that where more than 1 included offense shall be committed within a 24-hour period . . .

   (1) Three or more convictions --Three or more convictions, singularly or in combination of any of the following separate and distinct offenses arising out of separate acts:
      a. Manslaughter resulting from the operation of a motor vehicle;
      b. Using a motor vehicle during the commission of a felony;
      c. Driving or having actual physical control of a motor vehicle while under the influence of intoxicating liquor or of any drug, in violation of § 4177 of this title \

[3] Petition to Restore Driving Privileges Tr. 3:11-23, September 10, 2018.

1

incident. Appellant's release date from prison for this offense is February 16, 2022.[4] Appellant has not committed any driving offenses in the past nine years, but he has been incarcerated for the entirety of that time.[5] Appellant has not paid his financial obligations because he cannot afford to pay them while he is in prison. He contends that he will set up a payment plan upon his release.[6] Furthermore, Appellant has written apology letters to the surviving victims of the crash dating back to the year 2009. Finally, Appellant has successfully completed the six month long Victim's Impact Program at Sussex Correctional Institution.

The Court of Common Pleas denied Appellant's petition for restoration of his driving privileges on September 10, 2018. The Court of Common Pleas reasoned that Appellant's petition was premature and denied the petition on that ground. The Court of Common Pleas also stated that Appellant may re-file the petition at a date closer to his release from the Department of Corrections. At Appellant's hearing on his petition the Court of Common Pleas suggested that Appellant file his Petition for Restoration of Driving Privileges closer to the time of his release date in three years.

## III. Standard of Review

When considering an appeal from the Court of Common Pleas, this Court sits as an intermediate appellate court.[7] The Court's appellate role is limited to correcting legal error and determining whether factual findings "are sufficiently supported by the record and are the product of an orderly and logical deductive process."[8]

---

[4] Petition to Restore Driving Privileges Tr. 3:11-23, September 10, 2018.
[5] Petition to Restore Driving Privileges Tr. 5:10-22, September 10, 2018.
[6] Petition to Restore Driving Privileges Tr. 6:9-23, September 10, 2018.
[7] *State v. Richards*, 1998 WL 732960, at *1 (Del. Super. Ct. 1998).
[8] *Wright v. Platinum Fin. Services*, 2007 WL 1850904, at *2 (Del. 2007).

## IV. Discussion

Appellant contends that he has met all of the requirements of 21 *Del. C.* § 2809[9] and his driving privileges should therefore be restored. Specifically, Appellant contends that he has (1) met the time limitation of the statute; (2) met his financial responsibilities because he has shown responsibility for his financial requirements to the State by communicating with the Court Collections Enforcement supervisor; and (3) that his current incarceration has no legal bearing [*sic*] in restoration of his driving privileges.

Despite Appellant's contentions, the statutory langue of 21 *Del C.* § 2809 is mandatory and not permissive. Conditions (1) (2) and (3) of 21 *Del. C.* § 2809 all must be met in order for Appellant's driving privileges to be restored.[10] Despite meeting the time requirement of 21 *Del C.* § 2809(1) Appellant clearly has not met the requirement set forth in 21 *Del. C.* § 2809(2), which states that Appellant's driving privileges shall not be restored, "[u]ntil such time as financial responsibility requirements have been met." The Court of Common Pleas has held that financial responsibilities have been met when financial obligations have been paid in full.[11] The Court agrees with the Court of Common Pleas that 21 *Del. C.* § 2809(2) should be interpreted as payment of financial obligations to the State in full.

---

[9] 21 *Del. C.* § 2809 states in pertinent part:
   No license to operate a motor vehicle in this State shall be issued to an habitual offender nor shall a nonresident habitual offender operate a motor vehicle in this State:
   (1) For a period of 5 years from the date of the order of the court finding such person to be an habitual offender as defined in § 2802(1) of this title and for a period of 3 years from the date of the order of the court finding such person to be an habitual offender as defined in § 2802(2) of this title;
   (2) Until such time as financial responsibility requirements are met; and
   (3) Until upon petition and for good cause shown, the court, at its discretion, restores to such person the privilege to operate a motor vehicle in this State upon such terms and conditions as the court may prescribe, subject to other provision of law relating to the issuance of operators' licenses.

[10] *Bowersox v. State*, 819 A. 2d 301, 304 (Del. 2003).

[11] *Malpica v. State*, 2013 WL 12201334 at *1 (Del. C. P. 2013)(holding that once the Court has confirmed that all financial obligations to the State have been paid financial responsibility requirements had been met); *Davis v. State*, 2013 WL 12201333 at *2 (Del. C. P. 2013)(holding that once all financial obligations to the State have been paid financial responsibilities have been met).

Appellant, on the other hand, argues that 21 *Del. C.* § 2809(2) does not require that financial obligations to the State need to be paid in full before restoration of driving privileges. Rather, he contends, that the establishment of a payment plan to fulfill financial requirements is enough to satisfy 21 *Del. C.* § 2809(2). However, this interpretation is contrary to the plain meaning of the section.[12] A plain reading of 21 *Del. C.* § 2809(2) leads to a conclusion that "until such time as financial responsibility requirements have been met" clearly means that all financial obligations owed to the State must be paid in full before the Court may restore the driving privileges of Appellant.

Presently, it is undisputed that Appellant has outstanding unpaid financial obligations with the State of Delaware in connection to his license revocation. Despite being in contact with the State about setting up a payment plan, Appellant has failed to meet the requirement set forth in 21 *Del. C.* § 2809(2).

Furthermore, under 21 *Del. C.* § 2809(3), a driver's license shall not issue to a habitual offender until the offender has shown "good cause" for restoration of the privileges, and the Court, "at its discretion, restores to such a person the privilege to operate a motor vehicle."[13] "The primary purpose of the habitual motor vehicle offender statute is to foster public safety by denying driving privileges to those whose repeated conduct evidences indifference to the safety of others."[14] The clear legislative intent of the habitual offender statute can be found in 21 *Del. C.* § 2801.[15] "Specifically, the language of paragraph (3) of section 2801 pointedly focuses our

---

[12] *Valerius v. State*, 574 A. 2d 855, 856 (Del. 1990)(citing *Wyant v. State*, 519 A.2d 649, 658 (Del. Super. Ct. 1986).
[13] *Coverdale v. State*, 765 A. 2d 950, at *1 (Table)(Del. 2000).
[14] *Id.* quoting *Valarius*, 574 A. 2d at 857.
[15] 21 *Del. C.* § 2801. Declaration of Policy.
    It is hereby declared to be the policy of this State to:
    (1) Provide maximum safety for all persons who travel or otherwise use the public highways of this State; and
    (2) Deny the privilege of operating motor vehicles on our highways to persons who by their conduct and record have demonstrated their indifference to the safety and welfare of others and their disrespect for the laws of this State, the orders of its courts and the statutorily required acts of its administrative agencies; and

4

attention upon the intent of the Legislature to impose 'increased and added deprivation' of driving privileges to repeat offenders."[16]

Here, Appellant's driving record amply demonstrates his "indifference to the safety and welfare of others" and his "disrespect for the laws of the State." The Court of Common Pleas clearly has not abused its discretion in denying Appellant's Petition for Restoration of Driving Privileges. The license to drive on a public highway is a privilege.[17] Appellant has violated the order revoking his driving privileges and killed two people in the process. Also, he will not be released from the Department of Corrections for at least three more years. Finally, as described above, Appellant has not paid his financial obligations to the State. Therefore, the Court of Common Pleas did not abuse its discretion in determining that Appellants Petition for Restoration of Driving Privileges was premature.

## V.  Conclusion

Considering the foregoing, the Court of Common Pleas' decision is **AFFIRMED** because Appellant has failed to meet the financial responsibility requirements of 21 *Del. C.* § 2809(2) and the Court of Common Pleas, in its discretion, determined that the Petition was premature under 21 *Del. C.* § 2809(3). The decision is free from legal error and the factual findings are sufficiently supported by the record and are the product of an orderly and logical deductive process. The decision below is **AFFIRMED**.

**IT IS SO ORDERED.**

---

(3) Discourage the repetition of criminal acts by individuals against the peace and dignity of the State and her political subdivisions and to impose increased and added deprivation of the privilege to operate motor vehicles upon habitual offenders who have been convicted repeatedly of violations of the motor vehicle laws.

[16] *Valarius*, 574 A. 2d at 857.

[17] *In re Restoration of Driver's License*, 1999 WL 1611272 at *1 (Del. Super. Ct. 1999).